### ARGUED AND DETERMINED

###### IN THE

# SUPREME JUDICIAL COURT

###### OF

# MASSACHUSETTS.

---

EDWARD R. PRICE *vs.* ARTHUR T. PARKER & others.

Bristol.   October 28, 1907. — December 31, 1907.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Contract,* Construction, Validity.  *Partnership.  Deceit.  Words,* "Liable," "Liabilities," "Fall due."

An agreement in writing by one of two partners, upon the dissolution of their partnership to take over the business of the firm and " take up, pay and discharge all the debts and liabilities of the said copartnership as the same shall fall due," includes an obligation to discharge the liability of the members of the partnership upon a judgment obtained in an action brought against them after dissolution for damages caused by alleged false representations made by the firm in the sale of certain securities.

There is nothing invalid or contrary to public policy in an agreement of a continuing partner of a firm upon a dissolution of the partnership to indemnify his retiring partner against liabilities which include or may include a liability for damages for alleged false representations made by the firm in the sale of certain securities.

CONTRACT against the principal and sureties on a bond dated June 19, 1893, to ensure the performance of the covenants contained in an agreement of the same date providing for the dissolution of the partnership theretofore existing between the plaintiff and the principal defendant and the purchase and taking

over of the business of the firm by that defendant. Writ dated March 29, 1900.

In the Superior Court the case was tried before *Brown,* J., without a jury. The material condition of the bond and the material covenant of the contract of dissolution are quoted in the opinion, where also the material facts are stated.

The defendants asked the judge to make the following rulings:

1. " This being an action to compel the defendant, who the plaintiff alleges was his partner, to pay the plaintiff the amount of a judgment recovered by one A. H. Whiting against both the plaintiff and the principal defendant for false representations in the sale of a bond (*Whiting* v. *Price et al.*, 169 Mass. 576 and 172 Mass. 240) the plaintiff cannot recover because such a claim is not a legal debt or liability, and the parties if both are guilty of the false representations were *in pari delicto.*"

2. " The bond on which the plaintiff relies binds the defendant ' to pay all the debts and liabilities of said firm as the same shall fall due.' The judgment of Whiting against Price and Parker for false representations in the sale of a bond is not such a debt or liability as called for in the bond in question. Under the bond Parker is only liable for the legal debts and liabilities incurred in the usual course of the business of the firm."

3. " The case of *Whiting* v. *Price et al.* being for false representations, a judgment of itself shows a joint wrong, and Price being the party mulcted cannot demand payment, as both are equally in the wrong. Price must be presumed to have known that the representations were unlawful, and consequently this case comes within the cases of *Jacobs* v. *Pollard*, 10 Cush. 287, and *Atkins* v. *Johnson*, 43 Vt. 78."

The judge refused to make any of these rulings, and found for the plaintiff in the sum of $1,788.96. The defendants alleged exceptions.

*G. A. Perkins*, for the defendants.

*T. Parker*, for the plaintiff.

MORTON, J. The plaintiff and the defendant Arthur T. Parker, whom we shall speak of as the defendant, were formerly copartners engaged in the brokerage and insurance business. In June, 1893, the firm was dissolved by an agreement in writing under seal. The business was taken over by Parker and one of

the provisions of the agreement of dissolution was that he should " take up, pay and discharge all the debts and liabilities of the said copartnership as the same shall fall due." The bond in suit was given to ensure the performance of this and other covenants contained in the agreement. One of the recitals in the bond is, " whereas the said A. T. Parker also agrees to assume and pay all the debts and liabilities of the said copartnership, as the same shall fall due "; and this is followed by the condition, amongst others, that " if the said A. T. Parker . . . shall . . . also assume and pay all the debts and liabilities of said A. T. Parker & Co. then this obligation shall be void, otherwise it shall be and remain in full force and virtue." After the dissolution of the firm one Whiting brought an action against the former copartners to recover damages caused by alleged false representations made to him in the sale by the firm of certain securities. Whiting recovered judgment, and the plaintiff, in order to prevent his property from being levied on, paid the amount due on the execution. This is an action to recover the amount so paid.

The defendant contends that the amount paid by the plaintiff did not constitute a debt or liability within the meaning of those words as used in the bond and agreement of dissolution. It is not necessary to consider whether Whiting's claim constituted a debt before it was reduced to judgment, or whether after it was reduced to judgment it came within the scope of the obligations assumed by the defendant as a debt. It is clear, we think, that it was at all events a liability and as such came within the terms of the bond and agreement. The words " liable " and " liability " are terms of large significance and in the absence of anything limiting their scope include obligations arising out of torts as well as out of contracts. In the present case the parties were contracting, the one with reference to the purchase of the business and the assumption of the debts and liabilities, and the other in reference to a sale of the business and a release from the debts and liabilities, and we see no reason why the word " liabilities " should be given a restricted meaning. There is no enumeration of the debts and liabilities to be assumed by the defendant, and the natural inference would be that he was to assume all of them. The words " as the same shall

fall due " do not indicate that the " liabilities " were those aris-
ing *ex contractu*, but rather that the parties intended to guard
against indefinite delay in the settlement by the defendant of
the debts and liabilities of the firm.

The defendant further contends that the agreement is illegal.
But we see nothing illegal in an agreement by the continuing
partner to indemnify the retiring partner against liabilities
which do or may include an action for alleged false representa-
tions against the firm.  Such an agreement is not an attempt
by one wrongdoer to enforce contribution against another.  Nor
is it a case where two parties have conspired to commit an ac-
tionable wrong in consideration of the agreement by one of them
to indemnify and hold harmless the other against the conse-
quences thereof.  The case before us relates to a tort for which
the firm was liable and not to a crime which had been committed.
As already observed we see nothing illegal in the agreement.

*Exceptions overruled.*