MARY S. KEEFE vs. FRANCIS X. McCARTHY.

MICHAEL J. KEEFE vs. SAME.

Essex.    April 6, 1936. — June 29, 1936.

Present: RUGG, C.J., PIERCE, FIELD, & DONAHUE, JJ.

*Practice, Civil,* Appellate Division: appeal; Requests, rulings and instructions.

In an action of tort for negligence, findings of fact by a judge of a district court, followed by conclusions, warranted thereby, that the plaintiff was negligent and that the defendant was not, rendered harmless rulings of law, granted at the request of the defendant, in substance that, as a matter of law on all the evidence, negligence of the plaintiff contributed to the injury and the defendant was not negligent.

TWO ACTIONS OF TORT.    Writs in the District Court of Southern Essex dated March 16, 1933.

The actions were heard together by *Reeve,* J., who found in each action for the defendant.   A report to the Appellate Division for the Northern District was ordered dismissed. The plaintiff Mary S. Keefe appealed, and the parties agreed in writing that such decision as should be rendered in this court on her action should control in the action of Michael J. Keefe.

The cases were submitted on briefs.

*L. F. Davis,* for the plaintiffs.

*J. W. Sullivan, J. F. Doyle, & J. F. Ryan,* for the defendant.

PIERCE, J.    In the first action the plaintiff seeks to recover damages against the defendant for injuries sustained by her when struck by an automobile operated by the defendant as she was crossing Central Street in Saugus on November 10, 1932.   The second action is by her husband seeking consequential damages.

The cases were heard in the District Court of Southern Essex.   At the close of all the evidence material to the issues involved the defendant requested the following rulings:

"1. If the plaintiff under the circumstances of this case did not see the automobile of the defendant before the accident then she cannot recover. 2. Upon all the evidence the plaintiff is not entitled to recover because as a matter of law the plaintiff was not in the exercise of due care and was negligent and said negligence contributed in part to cause the injuries and damage complained of. 3. Upon all the evidence the plaintiff is not entitled to recover because as a matter of law the defendant was not negligent. 4. As a matter of law this case is to be decided apart from any presumption of due care in favor of the plaintiff." "The court made the following rulings in reference to the requests of the defendant: The first is given. The second is given. The third is given. The fourth is not given, because of its form." A judge of the Appellate Division, designated to establish the report, reported the rulings to the Appellate Division for determination. The Appellate Division, after hearing the cases, which were submitted on briefs by both parties, "found and decided that there was no prejudicial error in the allowance by the trial court of the second and third requests for rulings filed by the defendant," and ordered in each case an entry "Report dismissed" to be made by the clerk of the District Court of Southern Essex on the docket of said court.

The questions for decision under the rulings given numbered 2 and 3 are (1) Was the plaintiff Mary S. Keefe (hereinafter referred to as the plaintiff) on the reported evidence, in its aspect most favorable to her contention, guilty of any lack of due care which contributed to her injury? and (2) Was the defendant negligent in the operation of the automobile, and, if so, did such negligent operation result in the vehicle's striking and injuring the plaintiff?

The reported evidence warranted a finding of the following facts: Central Street in Saugus runs north and south, and is a public highway. The accident occurred on Central Street at about 5 P.M. on November 10, 1932. The plaintiff alighted from a motor bus, going in a southerly direction, at the corner of Castle and Central streets. She proceeded to walk on the sidewalk in a northerly direction from the rear

of the motor bus — a distance of a few feet — until she came to an automobile in which there was a man named Shapiro, with whom she talked a minute. After this brief conversation Shapiro drove away and the plaintiff proceeded to walk across the street. She testified that while crossing the street she looked in both directions and saw no automobile coming from her right (the south), and that the defendant's automobile struck her and rendered her unconscious. Shapiro testified that he drove along in a southerly direction seeing no automobiles coming toward him; that the bus had gone along; that in his mirror he observed the plaintiff walk out into the street and that he saw her look to her right and left; and that there was an automobile parked fifteen or twenty feet in front of his automobile near the corner of Castle and Central streets. Respecting the conduct of the defendant and his relation to the accident, the evidence warranted a finding that immediately before the accident he was operating his automobile on Central Street, going northerly at the rate of fifteen to twenty miles an hour; that about the moment of the accident there was a motor bus with an automobile passing it on his left, and an automobile parked on his right, giving him a three-foot clearance. The defendant testified that the plaintiff stepped out from behind a moving automobile and was six or eight feet away when he saw her; that she had her head down; that she was not looking at him; that he did not blow his horn; that he did not know whether he turned to his right or left; that he applied his brakes; and that as his automobile stopped it struck the plaintiff. In cross-examination he testified that he could see half the plaintiff's face from her chin to her forehead; that he helped some man take the plaintiff out from under the front of his automobile; that the plaintiff's hat was on the right of his automobile between the hood and mudguard; and that he saw the plaintiff walk six or eight feet before he struck her.

The trial judge on the evidence made subsidiary findings in considerable detail, found "no negligence on the part of the defendant in the operation of his automobile," found "that the plaintiff, Mary S. Keefe, was not in the exercise of due

care and that if she had exercised that degree of care which was required of a prudent person under the circumstances which existed at the time of the accident, the accident would never have occurred," and found for the defendant. It is clear that these conclusions were warranted even if they were not required by the evidence. And it is also clear that they were reached by the trial judge as findings of fact upon the evidence. In these circumstances the plaintiffs were not harmed by the granting of the second and third requests. *Morse, Williams & Co.* v. *Ellis,* 172 Mass. 378. *Patterson* v. *Ciborowski,* 277 Mass. 260, 267. *Castano* v. *Leone,* 278 Mass. 429, 431. *Sylvester* v. *Shea,* 280 Mass. 508. *Harding* v. *Broadway National Bank of Chelsea, ante,* 13. It follows that in each case the entry must be

*Order "Report dismissed" affirmed.*