RAYMOND J. GIBBONS *vs.* ULRIC DENONCOURT.

JOSEPH P. GIBBONS *vs.* SAME.

ROBERT J. HIGGINS *vs.* SAME.

RALPH H. JOHNSON *vs.* SAME.

Worcester.    September 23, 1936. — June 28, 1937.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Practice, Civil,* Appellate Division: report, appeal; Requests, rulings and instructions. *Negligence,* Contributory, Motor vehicle, Violation of law, Of bailee. *Bailment.*

A party was not entitled as of right to a review by the Appellate Division of a district court of the trial judge's refusal to rule "upon all the evidence" if the request was not accompanied by specifications in accordance with Rule 27 of the District Courts (1932).

No error appeared in action by a judge of a district court refusing rulings if the judge as reasons for his refusals stated facts which made the rulings inapplicable and which were warranted by the evidence.

By G. L. (Ter. Ed.) c. 231, § 108, and Rule 27 of the District Courts (1932) a ruling respecting the admissibility of evidence in a district court cannot be reviewed unless a report was claimed by the objecting party at the time of the ruling.

The granting by a judge of a district court of three requests for rulings in an action for personal injuries, two substantially in the language of G. L. (Ter. Ed.) c. 231, § 85, and the third stating, "The presumption of due care is not overcome by the evidence offered by the defendant," did not amount to a ruling that the due care of the plaintiff was presumed throughout the trial and after the facts were shown, and disclosed no error of law.

Findings, warranted by evidence before a judge of a district court hearing several actions together, rendered unprejudicial to the defendant the granting of a request by the plaintiff for a ruling which was erroneously applied to one action.

No prejudicial error was shown in the granting, by a judge of a district court, of a request for a "ruling," which in substance was a request for a finding of fact, if evidence reported warranted the finding.

While a ruling by a judge of a district court, that operation of an automobile in a manner defined in G. L. (Ter. Ed.) c. 90, § 17, as not "reasonable and proper," was *prima facie* evidence of negligence, was erroneous, it was not prejudicial to the operator where the record disclosed that a finding of negligence was not based on such operation alone, but was based on and warranted by such operation and other evidence.

A ruling by a judge of a district court hearing an action by the owner of an automobile for damage to it caused in a collision with an automobile of the defendant, that the plaintiff might recover, if he was not present and directing the operation of his automobile, although both operators were negligent, showed no error if there was evidence that the operator of the plaintiff's automobile was a bailee and not an agent of the plaintiff.

FOUR ACTIONS OF TORT. Writs in the First District Court of Eastern Worcester dated May 24, 1935.

The actions were heard together by *Lynch,* J. Requests for rulings are described in the opinion. The judge granted all the plaintiffs' requests for "rulings." He denied all requests of the defendant for "rulings," assigning no reason for the denial of the first in each action. The denials of all the others were in the form: "I refuse request number . . . because I find," or "as I find," followed by the findings described in the opinion.

There were findings for the plaintiffs in the sums of $300, $4,500, $350, and $3,500, respectively, and a consolidated report to the Appellate Division for the Western District, which was ordered dismissed. The defendant appealed.

The cases were submitted on briefs.

*C. W. Proctor,* for the defendant.

*W. W. Buckley,* for the plaintiffs.

DONAHUE, J. An automobile, owned by the plaintiff in the first case and operated by the plaintiff in the second case, in which the other two plaintiffs were riding, was in collision with an automobile driven by the defendant in the intersection of Bartlett Street and the "Post Road" in the town of Northborough, between the hours of eleven and twelve o'clock on the night of August 17, 1934. The automobile was damaged and the three plaintiffs in it received personal injuries.

A judge of a district court found for each plaintiff and at the request of the defendant reported to the Appellate Division in a consolidated report his denial of certain requests for rulings filed by the defendant and also his granting of certain requests for rulings filed by the plaintiffs. The Appellate Division ordered the report dismissed.

The report unnecessarily summarizes in great detail the testimony of the many witnesses called by the plaintiffs and by the defendant. The rights of the parties would have been adequately protected, the expense of appeal materially lessened and the record made more intelligible, if the report contained only "a clear and concise statement of so much of the evidence . . . as may be necessary to present the questions of law reported," in accordance with the requirements of Rule 28 of the District Courts (1932) (see page 56).

1. The evidence was conflicting as to many of the facts and circumstances which might be taken into account by a judge in deciding the cases. Where there is a collision of vehicles at the intersection of streets the due care of plaintiffs and the negligence of defendants are generally questions for the determination of the fact finding tribunal. *Bresnick* v. *Heath*, 292 Mass. 293, 297, and cases cited. If the defendant and witnesses called by him were believed by the judge the findings should have been for the defendant. It is manifest that their testimony was not believed. There was evidence to warrant the findings that the plaintiffs were in the exercise of due care and that negligence of the defendant was the sole cause of the collision. This need not further be discussed, for the question whether the evidence warranted the findings for the plaintiffs is not before us. The defendant filed no requests for rulings in the case where the owner of the automobile is the plaintiff. In each of the other cases he filed a request for the ruling: "1. Upon all the evidence the plaintiff is not entitled to recover," which was denied by the trial judge. Since the request was not accompanied by specifications of the grounds on which it was based in accordance with Rule 27 of the District Courts (1932), the defendant was not entitled as of right to a review by the Appellate Division of its refusal. The Appellate Division did not in its discretion review the refusal and no action of the Appellate Division with reference thereto is brought before us by the appeal. *Forbes* v. *Gordon & Gerber, Inc.* 298 Mass. 91, and cases cited.

2. The defendant contends that the judge erred in denying certain requests for rulings filed by him in the case in which the driver of the automobile in collision with the defendant's automobile was the plaintiff.

The second of these requests asked the judge to instruct himself in broad terms that "It was the duty of the plaintiff as he approached the intersection . . . to anticipate that automobiles might be travelling upon the road; to look carefully for their presence and to operate his automobile with due regard for his own safety." The judge was not obliged to treat the request as a pure abstraction and was entitled to deal with it as applying to the evidence introduced by the parties. The request dealt with the situation as the plaintiff approached the intersection. The prominent features of the request are a proper looking by the plaintiff and the exhibition of a proper regard for his own safety. Mere anticipation not evidenced by acts would not have been of consequence. The judge in denying the request found that "the plaintiff did look for the approach of a car and saw none."

There was evidence warranting the conclusion that the plaintiff stopped his automobile near the macadam shoulder on the southerly side of the Post Road a few seconds before entering the intersection and then looked, at a time when, as the evidence warranted finding, there was no automobile within the distance of four or five hundred feet approaching the intersection from the left, the direction from which the defendant's automobile later came, and no automobile approaching from the opposite direction within seven hundred feet; that the plaintiff then shifted gears and proceeded across at the rate of speed of eight or ten miles an hour and was two thirds across the intersection and on its northerly side when the left rear part of his automobile was hit by the front of the defendant's automobile. The defendant admitted that the speed of his automobile was thirty-five miles an hour and there was evidence justifying a conclusion that his speed was greater. We think there was no error in the manner in which the judge dealt with the second request of the defendant for a ruling.

The defendant's third request for a ruling in this case was to the effect that it was the duty of the plaintiff to look for the approach of automobiles not only as he approached the intersection but thereafter, and that if "he continued across the road in front of a rapidly approaching car" the plaintiff was guilty of contributory negligence. In denying the request the judge found: "the plaintiff looked for a car and seeing none started to cross the road and was hit by the defendant." There was evidence warranting such finding. In view of the facts found by the judge and the absence of any assumption in the request as to the distance "the rapidly approaching car" was from the intersection at the time the plaintiff "continued across" the request was rightly denied. It could not properly have been ruled as matter of law that the plaintiff was guilty of contributory negligence.

The defendant's fourth request for a ruling in this case was: "If the plaintiff continued the same course at the same speed into the path of the defendant's automobile, he is guilty of contributory negligence . . . ." The request is apparently based on testimony introduced by the defendant to the effect that the plaintiff did not stop before entering the intersection, a version of fact which the judge did not accept. The assumption in the request is manifestly contrary to the facts as found by the judge, for, in denying it, he found that "the plaintiff did not continue in the same speed in the path of the defendant's car." As there was evidence supporting such a finding there was no error in denying the request. *Mahoney* v. *Norcross*, 284 Mass. 153.

3. In the two cases in which the plaintiffs were the other persons riding in the automobile, the defendant filed identical requests for rulings. The second request was: "If the plaintiff failed to look for the approach of the defendant's automobile as his driver approached the intersection of the street on which the automobile was travelling with the Post Road then the plaintiff is guilty of contributory negligence . . . ." The judge in denying the request found that the plaintiffs did look for an approaching automobile

and saw none, and there was evidence warranting such findings. The request assumed a fact contrary to the finding of the judge and there was no error in its refusal.

The third request for a ruling in each of these two cases was to the effect that if the plaintiff failed to warn the driver of the approach of an automobile "which was in plain sight and which he might have seen by careful looking" he was guilty of contributory negligence. In refusing this request the judge stated in one case that the plaintiff "saw no car coming; hence no necessity of warning" and in the other case "there was no car in sight when plaintiff looked." There was evidence warranting these findings. The request assumed facts contrary to the facts found by the judge. *Holton* v. *Denaro*, 278 Mass. 261. There was evidence that at the time the plaintiffs looked there was no automobile approaching at their left, which was the direction from which the defendant later came, for a distance of four or five hundred feet from the intersection. It could not properly have been ruled as matter of law that the plaintiffs were guilty of contributory negligence in not giving a warning to the driver. The denial of the request was not error.

The defendant's fourth request for ruling in these two cases was to the effect that if the plaintiffs in approaching the intersection looked for automobiles to the right (which was in the direction opposite to that from which the defendant's automobile came), "and failed to see a car which was plainly visible" they were guilty of contributory negligence and could not recover. The judge in denying this request, contrary to the assumption of facts therein contained, found in one case that "there was no car visible when plaintiff looked" and in the other that "there was no car plainly visible when plaintiff approached the intersection." Even if the facts assumed in the request were true it could not be found that any automobile approaching from the right played any causal part in the collision with the defendant's automobile which came from the left, and hence it could not have been ruled as matter of law that the plaintiffs were guilty of contributory negligence which

barred a recovery against the defendant. There was no error in the denial of the fourth request. *DiLorenzo* v. *Atlantic National Bank of Boston*, 278 Mass. 321, 324.

By the fifth request the judge was asked to rule that it was the duty of each of these plaintiffs in approaching the Post Road "to look out for his own safety and to warn the driver of approaching danger and if he failed to do so, he is guilty of contributory negligence and cannot recover." In denying the request the judge found in one case that there was "no car in sight; hence no danger" and in the other that the plaintiff did "look out for his safety." The precautions as to self care which should be taken by a passenger in an automobile approaching an intersecting street and the obligation of such a passenger to give warning to the driver depend upon the attendant circumstances. *Shultz* v. *Old Colony Street Railway*, 193 Mass. 309, 323. *Bullard* v. *Boston Elevated Railway*, 226 Mass. 262, 264. *Chadbourne* v. *Springfield Street Railway*, 199 Mass. 574, 576. From the findings made by the judge it is manifest that he did not find a failure on the part of the plaintiffs to exercise the care which the situation as found by him required. He was not obliged to rule as matter of law that the defendant had sustained the burden of proving that they did not exercise the requisite care. There was no error in the denial of the fifth request.

We have dealt with the defendant's requests in detail. Some of them could have been disposed of on the ground that the judge was not required to rule as to the legal effect of portions of the evidence not decisive of issues in the case. *Halnan* v. *New England Telephone & Telegraph Co.* 296 Mass. 219, 223, and cases cited.

4. It appears in a summary of the testimony of the defendant in the report that: "Over objection and exception the witness was asked if he had in mind the regulations of the department to slow down to a rate of speed where his view was obstructed on approaching an intersection not to exceed fifteen miles an hour and answered that he never knew it to be done on the highway." (See G. L. [Ter. Ed.] c. 90, § 17.) It does not appear that the defendant claimed

a report of the objection or exception to the admission of this evidence at the time of the judge's ruling as required by Rule 27 of the District Courts (1932) and G. L. (Ter. Ed.) c. 231, § 108, lines 59–61. The report does not state that the question of the admission of the evidence was reported to the Appellate Division. The Appellate Division did not deal with the matter and no action of the Appellate Division with reference thereto is brought before us for review by the appeal. *Bresnick* v. *Heath*, 292 Mass. 293, 296.

5. The plaintiffs in the actions brought by the driver and by the other two persons in his automobile filed identical "requests for rulings." The judge gave the requests and reported his action thereon to the Appellate Division.

The first three requests of the plaintiffs in these three cases were: "1. The due care of the plaintiff is presumed. 2. The presumption of due care is not overcome by the evidence offered by the defendant. 3. It is incumbent upon the defendant to prove lack of due care or negligence on the part of the plaintiff." The defendant contends that these requests "particularly the plaintiffs' second request" should not have been given. The language of the first and third requests is substantially the language of the due care statute. G. L. (Ter. Ed.) c. 231, § 85. The defendant asked for no construction or amplification of that language. He now suggests no reason why those two requests were not properly granted. There was no error in granting them. The contention of the defendant is that the granting of the three requests amounted to a ruling that "the due care of the plaintiff was presumed throughout the trial and after the facts were shown." We do not think that the requests are susceptible of the construction now urged by the defendant. We find no error in the giving of these requests of the plaintiffs.

The fourth request filed by the plaintiffs in these cases was: "The plaintiff had no part in the operation of the car in which he was riding, nor control of the same. His testimony that the car was stopped before entering the intersection and that he locked in both directions, is evidence

of the conduct of a reasonably prudent and cautious person, and is not overcome by any evidence offered by the defendant." It is manifest from the first sentence that the request was not applicable in the case where the driver was the plaintiff. All the evidence on that subject shows that he was operating the automobile and the findings made by the judge in connection with the denial of the defendant's requests indicate that he fixed the liability of the defendant to the driver on the theory that he was operating the automobile. The fourth request should not have been given in the driver's case but no substantial error injuriously affecting the defendant's rights was committed. *Larson* v. *Jeffrey-Nichols Motor Co.* 279 Mass. 362, 368.

The defendant contends that the fourth request should not have been given in the cases where the other two persons in the automobile were plaintiffs. It is his contention that the first sentence of the fourth request should not have been given because it appeared that each of those plaintiffs, having looked to the right and to the left for other automobiles, said that "everything was O. K." This was at a time when, it might have been found, there were no approaching automobiles near enough to the intersection to make it negligent for the driver to undertake to cross the Post Road. The driver also looked before he started across. The evidence as a whole would justify the judge in finding that these plaintiffs relied upon the driver so far as the operation of the automobile was concerned but did not entirely rely on him to look out for the approach of other automobiles. See *Griffin* v. *Hustis*, 234 Mass. 95, 99.

The fourth request called for a finding of fact and not for a ruling of law. This is true also of the fifth request: "The negligence of the defendant may be fairly inferred from the marks on the road made by the tires of his automobile, the distance that it travelled after the brakes were applied; its course on the road indicating a deviation from the course pursued just prior to the happening of the accident; the force of blow necessary to push the plaintiff's car a comparatively long distance and the overturning of the plaintiff's car."

The giving of a request which really calls for a finding of fact though appearing under the heading "requests for rulings" often tends to raise doubt and to cause difficulty in the determination by an appellate court whether the judge in granting the request intended to make a ruling of law or a finding of fact. See *Pearson* v. *O'Connell*, 291 Mass. 527, 529.

It was said of such a request in *Castano* v. *Leone*, 278 Mass. 429, 431: "The mere circumstance that this was described with others under the general heading, 'requests for rulings' does not transform it into a request for a ruling of law. Its nature must be determined from its essentials and not from its name." The requests under present consideration in general appear to call for conclusions of fact from other facts stated. They do not in terms ask for a determination on all the evidence of the ultimate question of the right of the plaintiffs to recover. Their form indicates that they were directed to findings of fact and their phraseology is more characteristic of a call for the application of reasoning from facts than of requests for a declaration of legal principles. See *Castano* v. *Leone*, 278 Mass. 429. We are satisfied that in granting the fourth and fifth requests the judge did not intend to make a ruling of law. *Patterson* v. *Ciborowski*, 277 Mass. 260, 267. *Castano* v. *Leone*, 278 Mass. 429, 431. *Harding* v. *Broadway National Bank of Chelsea*, 294 Mass. 13, 20. *Keefe* v. *McCarthy*, 294 Mass. 567, 570. *Sheehan* v. *Aetna Life Ins. Co.* 296 Mass. 535, 540–541. The findings of fact made by the judge by the granting of the requests were warranted on the evidence. We find no prejudicial error in granting them.

The sixth request for a ruling was to the effect that if the automobile in which the plaintiffs were riding arrived at the intersection before the automobile of the defendant their automobile had the right of way in the intersection. There was evidence supporting the facts assumed in the request and there was no error in giving it. G. L. (Ter. Ed.) c. 89, § 8. *Fournier* v. *Zinn*, 257 Mass. 575, 577.

The judge gave the plaintiffs' seventh request: "It is *prima facie* evidence of the defendant's negligence to have

operated his automobile at a rate of speed greater than fifteen miles per hour at the intersection . . . his view of the road traffic at that point being obstructed."

Conduct of the operator of an automobile of the character and in the circumstances described in the request is by statute (G. L. [Ter. Ed.] c. 90, § 17) made *prima facie* evidence of the fact that his speed was greater than was "reasonable and proper." Violation of the statute was evidence of negligence, *Regan* v. *Rosenmark*, 272 Mass. 256, 258, *Pawloski* v. *Hess*, 253 Mass. 478, 480, but the statute did not make such conduct *prima facie* evidence of the "negligence" of the operator. The giving of the request was therefore error.

If the only evidence of the defendant's negligence had been his violation of the statute, he would have been harmed by the granting of the request, for then the judge's finding that the defendant was negligent would necessarily have been based on his erroneous ruling that the evidence as to the conduct of the defendant was *prima facie* evidence of the defendant's negligence. Giving the evidence that effect in the absence of other evidence which might control or rebut it, he would have been obliged to find the defendant negligent. *Thomes* v. *Meyer Store Inc.* 268 Mass. 587, 588. That, however, is not the situation here presented. There was other evidence, apart from the evidence of the conduct of the defendant violative of the statute as described in the request, which warranted the conclusion that the defendant was negligent. The judge's ruling was that the evidence in question was *prima facie* evidence of negligence and did not embrace a finding that he found negligence of the defendant on that basis. We think that the granting of other requests of the plaintiffs sufficiently indicates that the judge based his finding of negligence on other evidence than that described in the seventh request (see requests 5 and 6 *supra*) and that the granting of the seventh request was not harmful error.

6. In the case in which the plaintiff was the owner of the automobile which was in collision with the automobile of the defendant the judge gave certain requests for rulings

filed by the plaintiff. These were to the effect that an owner, not present and directing the operation of an automobile damaged in a collision with another automobile caused by the negligence of both drivers may recover damages. There was evidence that the plaintiff had let the operator, who was the plaintiff's brother, take the automobile to go for a ride. This warranted a finding that the brother was a bailee of the automobile and in operating it was not acting as the plaintiff's agent. In granting these rulings there was no error. *Nash* v. *Lang*, 268 Mass. 407.

Since there was no reversible error the Appellate Division rightly dismissed the report.

*Order dismissing report affirmed.*