No. 2995　　　　　　Northern　　　　　Middlesex, ss.
TUCCI, p.p.a.　　　　　　　　　　　(Joseph H. Lewis)
v. BEATRICE　　　(Anthony DiCicco, Jr., John P. Driscoll)
From the First District Court of Southern Middlesex—
Blodgett, J.
Argued October 27, 1941—Opinion Filed December 1, 1941

SULLIVAN, J. (Jones, P.J. & Pettingell, J.)—This is an action in tort brought in behalf of a minor who alleges that she was bitten by a dog of which the defendant was the owner or keeper and the father of the plaintiff seeks consequential damages.

There was evidence that the plaintiff was eighteen months old at the time of the injuries and was resting in the lap of a

Miss De Falco who was ten years of age; that a black spaniel dog answering to the name of "Dinky" was frequently seen in the company of the defendant, as well as in the company of others; for a year preceding the date of injuries was fed by the defendant and others, including the plaintiff; that the plaintiff's screams were heard by her father; that when the latter went to the porch where his child was, he saw a mark on her face and that the small dog above described ran away at the time. The report states that there was no evidence of any contact on the child's face that could be relied on.

There was evidence that the dog was licensed in the name of the defendant, but no evidence as to who caused the dog to be so licensed, and the record so put in evidence by the town clerk of Framingham was excluded. The report does disclose that the plaintiff objected to the exclusion of such record that she sought to introduce but that there appears to be no claim for a report at the time of the ruling.

Rule 27 of the District Courts (1940) in part provides "when the objection is to the admission or exclusion of evidence, the claim for a report shall also be made at the time of the ruling and shall be reduced in writing in a summary manner and filed with the clerk within five days after making such ruling." Because of the failure of the plaintiff to take advantage of the rule she cannot claim the protection to save her rights, if any, she had in the premises. *Gibbons* v. *Denoncourt,* 297 Mass. 448, *Okin* v. *Sullivan,* 307 Mass. 227. Furthermore the written document was rightly excluded as the plaintiff failed to prove that the defendant or anybody in his behalf caused the license to be issued in his name.

The plaintiff was unable to obtain evidence from Miss De Falco that the dog bit the plaintiff while in her lap. The plaintiff was allowed to introduce evidence to impeach her testimony by allowing the parent of the plaintiff to testify that at the time of the alleged attack, Miss De Falco said "Dinky" jumped up and came in contact with the plaintiff's face. This evidence had no probative force to prove the alleged attack; it simply tended to destroy whatever force the testimony of Miss De Falco gave. The latter had testified that she had forgotten the incidents of the case.

In this state of the evidence the court rightly rules there was no direct evidence that the injury alleged by the plaintiff was caused by the dog.

The trial court in his ruling on the plaintiff's requests further found that the plaintiff failed to show that the defendant was either the owner or the keeper of the dog. The evidence shows that the dog might well have been the property of anybody in the neighborhood, but of no person in particular.

To cite or dwell on the statute pertaining to injuries caused by a dog would serve no useful purpose.

The trial court in the circumstances with any regard to the

ends of justice could not make a finding other than for the defendant.

There is no prejudicial error apparent on the record.