*Northern District*
No. 4624
**ABIDIAN v. YOUNG**
**and**
**ABIDIAN v. CROWLEY**
(April 22, 1953)

*Gadsby, P. J* .This is an action of tort in which the Plaintiff seeks to recover damages for *property damage* against both of the defendants, the declarations containing one count each for property damage as against the owner in one case and as against the operator in the other case. The defendant's answer contains a general denial and allegations of contributory negligence.

At the trial there was evidence tending to show that a collision took place in Newton, Massachusetts at the corner of Beacon and Walnut Streets, on November 27, 1950. It was shown that the plaintiff's

motor vehicle was damaged.

During the course of the trial, the defendant cross-examined the plaintiff as to his operation just previous to the happening of the collision. The defendant also asked in the cross-examination, the width of the road upon which the accident took place. The trial judge excluded these questions propounded by the defendant. The defendant asked the judge whether or not he was to be permitted to cross-examine the plaintiff as to his observation and memory of the accident just prior to the happening of the accident. The trial judge replied that he could not cross-examine him in this fashion. The defendant then requested that his rights be saved in this matter, and the trial judge said: "Yes, your rights may be saved".

There were no written requests for rulings submitted by the defendant nor by the plaintiff and no interrogatories were introduced by either.

The court found no facts in the matter and found for the plaintiff in the sum of $115.00.

The defendant, claimed to be aggrieved by the exclusion of questions on cross-examination, the trial judge (*Comerford, J.*) reported the same to the Appellate Division for determination.

The defendant has made no claim for a report based on the exclusion of the evidence. Nor has he, as required by Rule 27 of the District Courts, reduced to writing in a summary manner and filed with the clerk within five days after making of such ruling any claim for a report based on such ruling.

Objection to evidence without claiming a report at the time of the ruling is insufficient to bring the ruling to an Appellate Court. *Okin v. Sullivan*, 307 Mass. 227, 228; *Gibbons v. Denoncourt*, 297 Mass. 448.

The defendant has filed no requests for rulings of law. It is therefore not open to him to argue before us that there was not sufficient evidence at the trial to sustain the burden of proof resting upon the plain-

tiff. *Holton v. American Pastry Product, Inc.*, 274 Mass. 268. The basis of a report to this Division is upon the action of the trial judge and in his disposition of requests for rulings of law. There are no such rulings before us for consideration. G. L. c. 231, s. 108.

There is therefore nothing before this Court to consider. As was said in *MacDonald v. Adamian,* 294 Mass. 187, 196: "Such appeal brings before the Court for consideration only rulings of law made by the trial judge and reported by him to the Appellate Division and questions of law touching the action of the Appellate Division thereon."

The report is therefore ordered dismissed.

Attorney for Defendant: Norman P. Member submitted on brief.