*Northern District*

No. 5197

**GIOVANNI DiIESO**

v.

**MARY BELLINO**
**ROBERT BELLINO**

---

**LUCILLE HOROWITZ**
**ANGELO CASSIANI**

v.

**MARY BELLINO**
**ROBERT BELLINO**

(June 4, 1958)

*Present:* ENO, J. (PRESIDING), BROOKS AND NORTHRUP, JJ.

Case tried to CLARK, J., in the District Court of Somerville. Nos. 74223, 75408.

*Eno, J.* These are two actions of contract tried

together, brought by different plaintiffs against the same defendants:

The action No. 74223 is for two promissory notes each dated October 30, 1956, for $943.75 and $200.00 respectively payable "after date" and allegedly signed by all three defendants.

The action No. 75408 is for a promissory note dated October 30, 1956, for $3,175.00 payable in "two years from this date, with interest semi-annually at the rate of five per centum per annum, during said term, and for such further time as said principal sum, or any part thereof shall remain unpaid; provided however, that if any default shall be made in the payment of any installment of principal or interest and such default continues for thirty days, the whole principal sum then remaining unpaid, together with interest shall, at the option of the holder hereof, become due and payable on demand".

This note is also allegedly signed by the three defendants and is endorsed "Pay to the order of Angelo Cassiani — Giovanni DiIeso".

The defendants' answer in each case contains a general denial, denial of their signatures, want of consideration, and a further allegation that they executed said notes as officers of a corporation and not individually.

The trial judge made the following findings of facts:

"The defendants were officers and stockholders of a corporation, Windsor Restaurant, which formerly conducted a restaurant in Somerville. The corporation was in existence in 1948 and at that time Mario Maggio and James Bellino (the husband of the defendant Mary Bellino and the father of the defendants Robert Bellino and Lucille Horowitz) were the principal stockholders and active managers of the corporation. In 1949 Mario Maggio arranged with Giovanni DiIeso, the plaintiff in No. 74223, for the

latter to loan $6,000.00 to the corporation on its promissory note. Later in 1949 Mario Maggio ceased to be a stockholder after some payment had been made on the note. Periodic payments were made later, usually at the rate of $25.00 monthly. In 1953 James Bellino because of illness retired from the corporation and transferred his stock to his family. Thereafter the defendants Mary Bellino, Robert Bellino, and Lucille Horowitz were corporate officers. The periodic monthly payments on the DiIeso loan stopped in 1954.

In June 1956 DiIeso and James Bellino had a conference at the Windsor Restaurant at which DiIeso demanded payment of his loan and was told by James Bellino that the latter did not want it to go to court. To meet pressing indebtedness James Bellino later sent Maggio to DiIeso to seek a further loan of $200.00. Maggio approached DiIeso for this purpose and told him that Bellino would give security. DiIeso said "Everybody got to sign", that he wanted to find out the balance due on the old note and the amount of interest due, and that he wanted security. After these negotiations Maggio had a lawyer prepare the notes sued on in these actions and a personal property mortgage as security for the note declared on in No. 75408. On October 30, 1956, Maggio took these papers to James Bellino, explained what DiIeso wanted, and explained the papers prepared by the lawyer. James Bellino then called the defendants, explained the papers to them, and they signed them under his supervision. Maggio then paid them $200.00 in cash which DiIeso had furnished him for the purpose. The note for $943.75 represented the interest on the old loan to the corporation above referred to. The note for $3,175.00 declared on in No. 75408 represented the balance of principal on the $6,000.00 loan as previously determined for the purpose. All the notes were signed by the defendants in Maggio's presence and Maggio

later gave the notes to DiIeso. No payments were made on them.

On or about May 14, 1957, DiIeso went to Angelo Cassiani, the plaintiff in No. 75408, and being in need of money offered to sell the note for $3,175.00 to him for $2,500.00, which was paid to him therefor in cash. Cassiani had known the Bellino family for several years and thought them good credit and good for the note. DiIeso endorsed the note to Cassiani. Later Cassiani engaged counsel to handle the note for him. On May 20, 1957, counsel sent a letter to the defendants notifying them of the transfer and endorsement to Cassiani and requesting payment of the overdue interest which had become due on April 30, 1957 ($77.37). No payment has been made on the note.

On January 17, 1957, suit was started in No. 74223 by DiIeso on the notes for $200.00 and $943.75; and on July 2, 1957, suit was started on the note for $3,175.00 by Cassiani.

I find, as conclusions from all the evidence, as follows:

(a)   the notes in both actions were all signed by the defendants individually;

(b)   all the notes in these actions were signed and given under the advice and supervision of James Bellino as security for the outstanding note of the corporation Windsor Restaurant and for the accommodation of the corporation.

(c)   Mario Maggio and James Bellino in negotiating the notes sued on both well understood their character as individual notes of the signers.

(d)   the plaintiff Angelo Cassiani acquired the note of $3,175.00 before maturity in good faith, for a valuable consideration, and without notice of any defects therein.

(e)   the notes for $200.00 and $943.75 in No. 74223 are demand notes without interest."

The defendants also seasonably filed the following

requests for rulings which were disposed of by the trial judge as hereinafter stated:

## In the action No. 74223:

1. Unless there was consideration paid to the defendants for the signing of the notes declared upon, the defendants are not liable. ("Denied — for the reason that they could and did sign as accommodation makers and they received $200.00 in cash.")
2. If the defendants executed said notes as officers of the corporation and not as individuals, they are not liable. ("Denied for the reason that they signed as individuals.")
3. If the execution of said notes by the defendants was obtained by fraud and misrepresentation, the defendants are not personally liable. ("Granted as an abstract hypothetical statement. I do not find that there was any fraud or misrepresentation in obtaining the execution of the notes.")

## In action No. 75408:

1. The plaintiff is not a holder in due course. ("Denied.")
2. The plaintiff obtained the note without consideration and therefore cannot recover. ("Denied — I do not so find.")
3. Unless there was consideration paid to the defendants for the signing of the note declared upon, the defendants are not liable. ("Denied.")
4. If the defendants executed said note as officers of the corporation and not as individuals, they are not liable. ("Granted as an abstract hypothetical statement. I find, however, that they signed as individuals.")
5. If the execution of said note by the defendants was obtained by fraud and misrepresentation, the defendants are not personally liable. ("Denied for the reason that I find there was no fraud or misrepresentation in the execution of the note and the plaintiff is a holder in due course.")
6. The provision of the note providing by its terms that if any default shall be made in the payment of any installment of principal or interest, and such default continues for thirty days, the whole principal sum then

remaining unpaid, together with interest shall at the option of the holder hereof become due and payable on demand, requires as a matter of law that demand must be made before suit is commenced. ("Denied (G. L. c. 107, §§29, 93; *Jillson v. Hill*, 4 Gray 316; *Burnham v. Allen L. Gray*, 496, 499; *Standard Oil Co. v. Y-D Supplies*, 288 Mass. 452, 455.")

Three requests in No. 74223 were properly denied because they assume facts which the court did not find, or were contrary to the facts found by the trial judge — *Schlatter v. Young*, 197 Mass. 36, 39; *Franklin Park Lumber Co. v. Huie-Lodge Lumber Co.*, 246 Mass. 157, 158; *Downey v. Levenson*, 247 Mass. 358, 365; *Whittaker v. Eastern States Engineering Corp.*, 269 Mass. 451, 458; *Gibbons v. Denoncourt*, 297 Mass. 448, 452; *Wood v. Spedoni*, 328 Mass. 483, 485.

The report in that case is, therefore to be dismissed.

The same can be said for the first five requests in No. 75408 and for the same reasons they were properly denied.

The sixth request properly raises the question whether a demand was necessary before the commencement of this action.

According to its terms the note was not yet due, but because of nonpayment of the interest of $77.37 which became due on April 30, 1957, and which was never paid, the note became "due and payable on demand".

We are of opinion that the note, then, became in effect a demand note to the same extent as if it had been originally executed as such. There is nothing in the note specifically requiring the holder to notify the makers of his intention to exercise such option and, therefore, since the note had become an unconditional demand note, the bringing of the action was sufficient presentation and demand under G. L. (Ter. Ed.) c. 107, §93, the defendants being

the parties primarily liable thereon no other demand for payment was necessary. *Goodfellow v. Farnham,* 239 Mass. 590, 591.

There was no prejudicial error, therefore, in the denial of that request.

The report in this action is also to be dismissed.

Frank P. Fralli, for the plaintiffs.
George Gruzen, for the defendants.