*Southern District*

## No. 110

# DOROTHY M. LINDROS
### v.
# STEVEN P. BELISTO, a/k/a

Argued: July 1, 1975. Decided: November 14, 1975.

Case tried to *White, J.* in the Third District Court of Plymouth. Number: 27444.

Present: Lee, P.J., Tamkin, J.

For plaintiff: Mario P. Alfieri.

For Defendant: Seymour Bluhm.

**Lee, J.** In this action of contract the plaintiff seeks to recover $1,000.00 turned over to the defendant as a deposit on a purchase and sale agreement for a house.

Plaintiff alleges that due to casualty damage before the passing day, she was permitted to withdraw from the contract and get her deposit returned, which she elected to do. The defendant, in addition to a general denial and payment, answered to the effect that plaintiff forfeited the deposit upon failure to perform pursuant to the agreement.

The court found for the defendant.

The parties stipulated that the case was controlled by the terms of a duly executed written purchase and sale agreement. This agreement recited a purchase price of $26,500.00 and a deposit payment of $1,000.00. The only other relevant provision of the agreement for the purpose of this case is as follows:

"Should the property be damaged by fire *or other casualty* before the passing of title, the buyer has the option to withdraw and receive his deposit. If buyer defaults he waives claim to the deposit above which becomes the property of the seller and broker, equally, as liquidated damages." (Emphasis added).

The evidence tended to show:

The defendant was a real estate broker, but in the instant case he was acting as the seller. The purchase and sale agreement was on a form supplied and filled out by the defendant. Before entering the agreement the plaintiff inspected the premises and observed no damage to the plumbing system. After executing the agreement and just prior to December 19, 1972, several days of near-zero weather occured. On December 19, 1972, while the agreement was in force, plaintiff went to the premises and while standing in the entrance to a walk-in door to the cellar observed water covering the cellar floor and water gushing from a burst pipe. She did not enter the cellar because of the water. In the bathroom inside the house she observed a hole in the flush (describing with her hands a hole two to three inches across) near the bottom of the flush. The flush contained no water nor could it contain water. Plaintiff notified defendant that a freeze-up had occurred at the premises and water was running. Plaintiff, defendant and defendant's agent, one Kopke, were at the premises together a day or two before December 22, 1972, the date scheduled for passing papers. The water had been shut off and the cellar had drained. Plaintiff told defendant she wanted to withdraw from the contract. They discussed a plumber and

placing funds in escrow to protect plaintiff if she went through with the conveyance. Plaintiff replied that she would think it over and let defendant know the next day. Plaintiff rode back from the premises with Kopke, at which time she told Kopke that she would rather lose $1,000.00 than buy the house with possibly $2,000.00 to $3,000.00 of damages. There was conversation between plaintiff and Kopke relative to plaintiff's tax status, but she denied discussing her tax status with Kopke as a reason for being willing to take a $1,000.00 tax loss by withdrawing from the contract. The next morning plaintiff telephoned defendant's place of business at which time she talked with Kopke and told him she was definitely withdrawing from the contract because of the damage.

*There was further testimony tending to show that* when the plaintiff, defendant and Kopke were at the premises, plaintiff told defendant that she would think over defendant's proposition regarding a plumber and escrow fund, but that at that time plaintiff did not say she was withdrawing. There was further testimony that on the same occasion, the burst pipe was observed, but the damage to the flush was only a slight crack; also that during the return trip plaintiff told Kopke that for tax considerations she preferred to lose the $1,000.00 rather than buy the house, and further that plaintiff called Kopke the next day, but Kopke did not remember what was said during that call.

Further testimony tended to show that the house was heated during all times between the date of the contract and the date of the observation of the leak; that plaintiff had requested postponement of date for closing of title from December 18, 1972 to December 22, 1972 because she was waiting for a check to come.

The plaintiff refused to accept the deed on December 22, 1972 and her subsequent demand for return of $1,000.00 deposit was refused.

The plaintiff claiming to be agrgieved by the denial by the trial justice of her requests for rulings of Law 2, 3 and 6 and by its finding for the defendant claimed a report to the Appellate Division.

The rulings in question are as follows: (2) the evidence is conclusive that the property in question sustained damage caused by a freezing of certain parts of the plumbing or water system during very cold weather which occurred a few days prior to December 19, 1972 — *denied;* (3) the evidence warrants a finding of damage from a freeze-up a few days before December 19, 1972 because water pipes were found burst on December 19, 1972 and very cold weather occurred a few days before that date — *denied;* (6) a finding for the plaintiff is required because the evidence is conclusive that the property was damaged as a result of a freeze-up of the water system before title was passed and plaintiff so notified defendant — *denied.*

The issue in this case is the construction of the words "other casualty" in the buy and sell agreement between the parties and its application to the facts in this case.

There is no Massachusetts case in point and none in any other state that is helpful in this situation that has come to our attention.

We must apply, therefore, the light of common reason and understanding to the facts before us to arrive at a correct determination of this case.

Black's Law Dictionary defines casualty as "Chance, Accident, contingency; also that which comes without design or being foreseen." *See also Bennet v. Howard,* 175 Ky. 797 (1917).

There was evidence to come within that definition and support a finding for the plaintiff if it was believed by the trial justice. There was also testimony from the defendant that the damage was less severe than made out by the plaintiff.

It was incumbent therefore, in this situation for the trial justice to make clear in his findings the facts he found and the law he applied in denying the plaintiff's requests for rulings of Law, in particular request Number Three (3) and his finding for the defendant. *Stella v. Curtis,* 348 Mass. 458, 463 (1965).

The trial justice made certain findings of fact as to the damages done in the cellar, but classified it as defects and not coming within the purview of the expression "other casualty."

Construction of a contract is a matter of law in the absence of ambiguity. *Sherman v. Employers' Liability Assurance Corp. Ltd.,* 343 Mass. 353, 356 (1961).

We perceive no ambiguity here.

Also, if the language of the agreement is doubtful or uncertain and the intention of the parties cannot be ascertained from its terms, "it has to be construed most strongly against the plaintiff". (maker). *United Shoe Machine Corp. v. Gale Shoe Mfg. Co.,* 314 Mass. 142, 149 (1943).

When the words of a contract are plain and free from ambiguity they must be construed in their usual and ordinary sense. *Sherman v. Employers' Liability Assurance Corp. Ltd.,* 343 Mass. 354, 356 (1961). *Fore v. Caruso,* 336 Mass. 476, 480 (1957).

The only ruling in this case which could have supported the court's finding for the defendant was that the damage incurred was minimal and of no consequence "De Minimis Non Curat Lex". (The law does not concern itself about trifles.)

The labeling of the damage as "defects" was an evasion of the court's responsibility to interpret this contract as written and an attempt to rewrite the contract on his own terms.

The court had an obligation to construe in particular the phrase "other casualty" and so specify

in its findings as to its relation to the facts found in this case

There being prejudicial error, we hereby order the finding for the defendant vacated and the **case remanded to the District Court for a new trial.**