## John G. SPACK
### vs.
## Milton YAKUS

District Court Department
Appellate Division, Southern District
Trial Court of the
Commonwealth of Massachusetts

April 1, 1980

Richard A. Camann for the defendant.

Present: Lee, P.J., Hurd* & Welsh, JJ.

**LEE, P.J.** This is an action in contract in which the plaintiff seeks to recover a deposit given to the defendant toward the purchase of a vessel.

The answer is a general denial.

The court found for the plaintiff in the sum of $1,000.00, with interest and costs.

At the trial, the relevant evidence showed:

The plaintiff, John G. Spack, through his agent, Ronald H. Bookman, signed a purchase and sale agreement on July 20, 1977 for the purchase of a boat from the defendant, Milton Yakus.

The agreement provided for a $1,000.00 deposit which was paid to the defendant.

---

[7]General Laws c. 106, s. 3-401 (1) states: "No person is liable on an instrument unless his signature appears thereon."

★The Honorable George N. Hurd, Jr. took no part in this decision which was promulgated subsequent to his appointment to the Superior Court Department.

The agreement further provided that the transaction was contingent upon the plaintiff's obtaining financing and insurance for the boat within thirty days.

On August 31, 1977, the plaintiff informed the defendant that he was unable to obtain financing, and demanded the return of his deposit. In support of this statement, the plaintiff produced evidence that he contacted two lending institutions, the Essex Bank and the Sl ·ley Credit Union.

Pertinent information as to the parties, the boat and the portable nature of the collateral was given to both institutions.

The lending institutions, upon learning that the plaintiff-purchaser lived in Colorado and would be moving the vessel out of state, denied his application.

The questions before this Division are whether there was sufficient evidence to support the trial justice's findings, and whether there was any error of law.

Findings of fact by the trial justice on admissible evidence will not be set aside unless clearly erroneous. Dist./Mun. Cts. R. Civ. P. 52(a); **Sulmonetti v. Hayes,** 347 Mass. 390, 391 (1964); **Murphy v. Hanlon,** 322 Mass. 683. 685 (1948); **Malden Trust Co. v. Brooks,** 291 Mass. 273, 279 (1935).

We cannot say that the trial justice's finding that the plaintiff complied with the terms of the sales agreement in regard to obtaining financing for the vessel was error. especially when no particularities were required by the agreement's terms as to financing conditions.

The written agreement produced in evidence in this case is a minimal one and leaves much to be desired, but the terms are clear and its construction must be left to the court. **Sherman v. Employers' Liability Assurance Corp.,** 343 Mass. 354, 356 (1961); **Lindros v. Belisto,** 57 Mass. App. Dec. 1 (1975).

It would have been better procedure had the trial justice ruled on the defendant's requests for rulings of law instead of denying them as being inapplicable. and thus waived by the defendant, because of the justice's findings of fact.

We find, however, that the defendant's requests for rulings of law do not specific-

ally test the trial justice's findings and that, in any event, his findings of fact corrected any error of law that may have occurred. **Gibbons v. Denoncourt,** 297 Mass. 448, 458 (1937); **Ashapa v. Reed,** 280 Mass. 514, 516 (1932).

There being no prejudicial error, the report is dismissed.

So ordered.
P.J. Lee