WILLIAM MANN *vs.* FRANK W. PAYNE.

Suffolk.    March 11, 1926. — May 29, 1926.

Present: BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*Evidence,* Competency, of identity.

Where, at the trial of an action against P, doing business under the firm name and style of F-A. Union of New England, for breach of a contract which purported to be made with "F-A. Union of New England" and to be signed by "P. F-A. Union," the defendant contends that the contract was made by the F. A. Union of New York, a New York corporation doing business in this Commonwealth under the name of "F-A. Union of New England," and it appears that no certificate had been filed by the New York corporation under G. L. c. 110, § 5, facts shown by a certificate by the Secretary of the Commonwealth, that a corporation, "F-A. Union of New England," was incorporated in this Commonwealth a month after the making of the contract and that previous to that no corporation of that name was incorporated in this Commonwealth, were material and admissible.

CONTRACT. The defendant was described in the writ as amended as Frank W. Payne, doing business under the firm name of "Franco-American Union of New England." Writ dated April 26, 1922.

In the Superior Court, the action was tried before *Walsh*, J. The certificates of the Secretary of the Commonwealth, referred to in the opinion, were that the Franco-American Union of New England, Inc., was incorporated on May 2, 1921, by the defendant and two other persons; that on December 12, 1921, its name was changed to Payne and Dunham, Inc.; and that it did not appear from the records of his office that previous to May 2, 1921, any company of the name Franco-American Union of New England, Inc., had a legal existence as a corporation under Massachusetts law. Other material evidence and exceptions by the defendant are described in the opinion. There was a verdict for the plaintiff in the sum of $2,462.53. The defendant alleged exceptions.

*F. M. Jablonski & J. J. Siarkiewicz*, for the defendant, submitted a brief.

*S. H. Borofsky*, for the plaintiff.

BRALEY, J. The action is in contract to recover damages for breach of an agreement in which the plaintiff is described as William Mann and Company. It is in these words.

"Buyer

William Mann & Co.

88 Broad St., Boston, Mass.

Contract No. 1090                    Date April 13th, 1921.

As Brokers we have this day consummated the following transactions between the given parties.

SELLER Franco American Union of New England, Box 41 Washington Square, Worcester.

BUYER Messrs. Wm. Mann & Company, 88 Broad St., Boston, Mass.

MERCHANDISE Bordeau Walnut Halves.

QUALITY 1920 crop — Mark 'Wilman'

QUANTITY 200 (55# cases) — packed in tins and cased separately.

PRICE .34c per lb. duty paid Boston.

TERMS Net on arrival — subject to inspection.

SHIPMENT Prompt from France.

BROKERAGE To be paid by Seller.

Buyer has option on 5,000 c/s until arrival and examina-

tion of above shipment.   The price on the option is based on todays Exchange and is subject to fluctuation.

This. . . . CONTRACT. . . . is made in triplicate one copy sent to the Buyer, one to the Seller, and one retained in this office

ACCEPTED SELLER.

F. W. Payne — Franco Amer. Union.   (signed) WM. MANN & Co.

ACCEPTED BUYER

Wm. Mann & Co. per Lutz.

THIS SALE NOT SUBJECT TO CANCELLATION

(written in ink in margin)

Journal of Commerce this date quotes Paris francs 7.04 7.01 ''          .

The contract was prepared and executed in the plaintiff's office, and at the same time there was delivered by the plaintiff to the defendant a memorandum of the same transaction signed by the plaintiff of the following tenor.

"Franco American Union

Ship to William Mann & Co.

At Boston, Mass., 88 Broad St.   Salesman Payne

Terms arrival draft

200 55# sealed tins Bordeaux ½s walnut meats

  1920 crop .34

  each tin crated separately

  duty paid

  Ex dock Boston

  arrival draft subject to inspection

  option on 5,000 c/s until arrival and examination on above shipment subject to fluctuation on rate of exchange cable and Marking address 'Wilman'

                    Wm. Mann & Co. Lutz"

The jury could find that the contract had been broken by the seller entitling the plaintiff to damages, and the question at the trial was whether the contract was the contract of the defendant alleged in the amended writ as doing business under the firm name and style of Franco-American Union of New England, or whether it was the contract of the Franco-American Union of New York, a New York corporation,

having a branch office in Worcester in this Commonwealth under the name of the Franco-American Union of New England. The verdict was for the plaintiff, and the defendant's exceptions relate solely to the admission in evidence of a certificate of the Secretary of the Commonwealth, and a copy of the charter of the Franco-American Union of New England, Inc.

While there was evidence that the Franco-American Union of New York did business in Massachusetts, it was not conducted under its true name, but in the name of the Franco-American Union of New England, without filing a business certificate as provided in G. L. c. 110, § 5. It was material therefore for the plaintiff to show that at the date of the contract the Franco-American Union of New England had no legal existence as a corporation. If this appeared, the defendant on the record could be held as principal. *Brigham* v. *Herrick*, 173 Mass. 460, 466. The certificate of the Secretary of the Commonwealth and copy of the charter showing that the Franco-American Union of New England was not incorporated until May 2, 1921, accordingly were competent. See G. L. c. 9; § 11, c. 156, § 4; c. 233, § 74. *American Steel & Wire Co.* v. *Bearse*, 194 Mass. 596.

*Exceptions overruled.*