JOHN CAMPANALE *vs.* GENERAL ICE CREAM CORPORATION.

Worcester. May 11, 1943. — July 1, 1943.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & COX, JJ.

*Practice, Civil,* Requests, rulings and instructions.

A judge hearing an action without a jury is not obliged to grant requests by the plaintiff for findings of specific facts determinative of the issues where there is no evidence of such facts binding on the defendant.

CONTRACT. Writ in the Central District Court of Worcester dated May 14, 1942.

On removal to the Superior Court, the case was heard by *Giles,* J., without a jury.

*J. A. Aspero,* for the plaintiff.

*J. A. Crotty,* for the defendant.

Cox, J. This is an action of contract brought under the "Fair Labor Standards Act of 1938," U. S. C. (1940 ed.) Title 29, §§ 201–219, to recover wages for overtime covering two periods, one from October 24, 1938, to October 26, 1940, and the other from July 10, 1941, to August 9, 1941. The case was tried by a judge of the Superior Court sitting without jury, who found generally for the defendant. The plaintiff's exceptions are to the denial of his requests for rulings.

There was evidence that the defendant, at its plant in Worcester in this Commonwealth, was engaged in the manufacture and sale at wholesale of ice cream; that evaporated milk used in the manufacture came from outside the Commonwealth, as did "cartons, paper goods, and material such as that without the contents," and "scoops," which came with the shipping cartons; that scoops were not ordered for a particular customer; and that until March, 1940, small amounts of sales and deliveries of ice cream were made in Rhode Island. (See *A. L. A. Schechter Poultry Corp.* v. *United States,* 295 U. S. 495, 543–544; *Higgins* v. *Carr Brothers Co.* 317 U. S. 572; *Jewel Tea Co.* v. *Wil-*

*liams,* 118 Fed. [2d] 202, 206–207.) There was evidence, not contradicted, that the sales in Rhode Island to "exactly nine customers," up to March, 1940, when the defendant stopped making any sales outside the Commonwealth, amounted to two and three tenths per cent of the total sales. (See *National Labor Relations Board* v. *Fainblatt,* 306 U. S. 601, 607; *Goldberg* v. *Worman,* 37 Fed. Sup. 778.)

The plaintiff testified that he was employed by the defendant from about April, 1938, until October, 1940, and also for a short period in 1941; that his duties were several, consisting of loading trucks with ice cream, unloading cars at the railroad station, working in the freezing room, painting, washing, helping to install cabinets, and unloading trucks. (See *A. B. Kirschbaum Co.* v. *Walling,* 316 U. S. 517, 524–526; *Walling* v. *Jacksonville Paper Co.* 317 U. S. 564, 571–572; *Silgaro* v. *Port Compress Co.* 45 Fed. Sup. 88, 91, and cases cited.) He also testified that he did not know whether or not he was paid for overtime; that he knew that his rate of pay beginning October 29, 1938, was thirty-six and seven hundredths cents per hour; that he signed an exhibit which read: "October 29, 1938. It is agreed that my basic rate per hour is .3607. signed John Campanale"; that beginning with the week ending October 29, 1938, and for a considerable period of time, he was paid at this rate for forty hours, and time and a half for all time over forty hours until sometime in May, 1940, (see *Overnight Motor Transportation Co. Inc.* v. *Missel,* 316 U. S. 572; *Walling* v. *A. H. Belo Corp.* 316 U. S. 624), and that the base pay stated in the slip which he signed was not the amount of pay per hour that he was receiving when he first started to work.

There was further evidence that before the act in question, as far as material, became effective on October 24, 1938, the plaintiff was receiving $22 for a fifty-four hour week, and that thereafter he was paid at the rate of thirty-six and seven hundredths cents an hour and time and one half for over forty hours.

There was no error in the denial of the requests for rulings which were: "1. That the plaintiff was engaged in in-

terstate commerce or in the production of goods for commerce. 2. That the defendant was engaged in commerce or in the production of goods for commerce. 3. That the plaintiff is entitled to an amount, which is equal to the amount of overtime hours for which he received no compensation, in addition to the amount of overtime hours for which he was not compensated, as liquidated damages, according to section 16 (b) of the Act. 4. That the court allow the plaintiff as an award, a reasonable attorney's fee to be paid by the defendant, and costs of the action, according to section 16 (b) of the Act [U. S. C. (1940 ed.) Title 29, § 216 (b)]. 5. That the plaintiff worked for the defendant in excess of the minimum hours and was not paid at the rate of time and one half for the hours in excess to [*sic*] the minimum hours according to section 7 of the Act [U. S. C. (1940 ed.) Title 29, § 207], since October 24, 1938 until the plaintiff ceased to be an employee of the defendant." The judge was not required to give them unless, as matter of law, findings of the facts involved were required. Such findings were not required as matter of law. The requests were not for rulings that the evidence warranted the necessary findings. There was no evidence binding on the defendant that required these findings. "The credibility of the testimony . . . and the inferences to be drawn from the evidence, within the range of permissible inferences, were for the determination of the judge as the trier of fact and cannot be reviewed." *Howard* v. *Malden Savings Bank*, 300 Mass. 208, 211. "But, whether [the evidence is] contradictory or not, its credibility and weight and the permissible inferences to be drawn therefrom were questions of fact for the trial judge. . . . It is the duty of a trial judge sitting without a jury in an action at law to make rulings of law in response to proper requests therefor, that the right of review of questions of law may be preserved, and to decide the case by making an ultimate finding of fact. . . . But a trial judge is not required to make special findings of fact even though requested to do so. . . . Nor is a trial judge required to make rulings of law not called for by proper requests. Though it often may be desirable

for the trial judge voluntarily to make special findings of fact or rulings of law for the information of the parties and the presentation of the real questions of law for review . . . failure to do so is not error." *Memishian* v. *Phipps*, 311 Mass. 521, 522–523.

*Exceptions overruled.*