JOHN M. DeCHENE *vs.* GREGORY J. WILLARD.

Worcester.     September 23, 1946. — November 1, 1946.

Present: FIELD, C.J., LUMMUS, QUA, RONAN, & WILKINS, JJ.

*Practice, Civil*, Requests, rulings and instructions.

At the trial of an action by a pedestrian for personal injuries sustained when he was struck by the defendant's motor vehicle, a request by the plaintiff for a ruling that "the plaintiff, as a pedestrian, whether he saw the automobile of the defendant or not, has a right to rely to some extent on the expectation that any motor vehicle, approaching him, will slow down and observe all the other requirements of law," properly was refused where there was evidence that the plaintiff was upon a sidewalk until the defendant's automobile was very near, and then dashed into it, and never was in front of the automobile so as to be approached by it.

A request for a ruling which assumed a fact as to which the evidence was conflicting properly was refused.

In an action for personal injuries sustained when the plaintiff was struck by the defendant's motor vehicle, a request for a ruling, that there was evidence "from which the jury would be warranted in finding that the plaintiff might reasonably have expected that the defendant, in the operation of his automobile, would avoid him rather than hit him," properly was refused as calling for a statement based on a fragment of the considerations bearing on the issue of the plaintiff's due care.

No error appeared in the denial, at the trial of an action for personal injuries alleged to have been caused by negligence in the operation of the defendant's motor vehicle, of a request for a ruling, as to determination of the speed of the motor vehicle, which correctly stated only one of the elements proper for the jury's consideration.

TORT. Writ in the Central District Court of Worcester dated September 12, 1939.

On removal to the Superior Court, the case was tried before *Donnelly*, J.

*J. Y. Young*, (*Nunziato Fusaro* with him,) for the plaintiff.

*S. B. Milton*, (*R. C. Milton* with him,) for the defendant.

LUMMUS, J. In this action of tort for bodily injuries, there was evidence that on November 8, 1938, while crossing from the west to the east side of Millbury Street in Worcester, the plaintiff was struck by the defendant's automobile which was going south. The jury returned a verdict for the defendant.

The only exceptions argued are to the failure to give three instructions requested by the plaintiff. The first was that "the plaintiff, as a pedestrian, whether he saw the automobile of the defendant or not, has a right to rely to some extent of [on ?] the expectation that any motor vehicle, approaching him, will slow down and observe all the other requirements of law." That request was evidently based upon G. L. (Ter. Ed.) c. 90, § 14. The material sentence of that section applies only when a motor vehicle approaches a pedestrian who is upon the travelled part of a way. The request assumed that the facts made the statute applicable. But testimony for the defendant was to the effect that the plaintiff was upon a sidewalk until the defendant's automobile was very near, and then dashed into it, and never was in front of the automobile to be approached by it. *Engel* v. *Checker Taxi Co.* 275 Mass. 471, 476. *Stafford* v. *Jones*, 292 Mass. 489, 493. The requested instruction assumed a disputed fact, and consequently could not be given without an implication as to that disputed fact that could not be required, to say the least. *Liberatore* v. *Framingham*, 315 Mass. 538, 543, 544. *Union Market National Bank* v. *Derderian*, 318 Mass. 578, 584.

The second requested instruction was that "there is evidence from which the jury would be warranted in finding that the plaintiff might reasonably have expected that the defendant, in the operation of his automobile, would avoid him rather than hit him." This request called for the state-

ment of a fragment of the considerations bearing on the issue of the plaintiff's due care. That issue was properly left to the jury upon all the evidence. The judge was not bound to specify all the relevant considerations bearing on that issue, or to state or discuss such of them as might be selected by the plaintiff. *Norton* v. *Boston Elevated Railway*, 317 Mass. 145, 148. *Gregory* v. *Maine Central Railroad*, 317 Mass. 636, 641, 642. Moreover, by submitting the case to the jury the judge left them free to make the finding sought by the plaintiff. *Runels* v. *Lowell Sun Co.* 318 Mass. 466, 475. *Rolfe* v. *Walsh,* 318 Mass. 733, 736.

The third and last requested instruction was that "in arriving at a determination of the speed at which the defendant's automobile was being operated immediately before and at and immediately after the accident, the jury may take into account and determination the distance that the defendant's automobile travelled after the accident and before coming to a full and complete stop." Doubtless the judge would not have erred if he had given that requested instruction in substance. But it related to only one of many considerations bearing on the issue of the defendant's negligence. The judge was entitled to leave that issue to the jury with general instructions, as he did. *Buckley* v. *Frankel*, 262 Mass. 13, 15, 16. See also the cases cited in the preceding paragraph of this opinion.          *Exceptions overruled.*