*Southern District*

**UNITED DISTRIBUTORS, INC.**

**v.**

**JESSE SOUZA**

*Present*: Nash, P. J., Lee & Murphy, JJ.

Case tried to *Kupka, J.* in the Fourth District Court of Plymouth. No. 11492-1962.

*Nash, P. J.* This is an action of contract to recover the sum of $636.07 for goods sold and delivered. The defendant filed a general denial and plea of payment.

There was conflicting evidence. On the side of the plaintiff it was contended that the plaintiff extended credit to the defendant for certain tile shipped to the Ford Motor Sales Company of New Bedford, Massachusetts. The defendant installed the tile in a show room owned by the said Ford Motor Sales Company. On the part of the defendant there was testimony tending to show that the tile was to be charged to the Ford Motor Sales Company and not to the defendant. There was additional testimony by the defendant that the tiles were convex and should have been straight and even and did not conform to sample.

Upon this testimony the court found that "the plaintiff extended credit to the defendant in the amount of $636.07" and "that the Ford Motor Sales Company of New Bedford had dealings with the defendant and the plaintiff did not extend credit nor deal with said Ford Motor Sales Company".

The defendant filed the following three requests for rulings of law:

1. There is no evidence which would warrant the court in finding that credit was extended by the plaintiff to the defendant for the items in the account annexed.

2. There is evidence which would *warrant* a finding for the defendant.

3. There is no evidence upon which the court can base a finding for the plaintiff.

The trial judge denied requests numbered 1 and 3 and allowed request numbered 2.

■ We find no error in the judge's treatment of the defendant's rulings. Each of these requests which were denied were for findings of fact and findings of fact are not a proper subject of a report. *McKenna v. Andreassi,* 292 Mass. 213, 215; *Adamaitis v. Metropolitan Life Insurance Company,* 295 Mass. 215, 221; *Himelfarb v. Novadel Agene Corp.,* 305 Mass. 446, 449; *James B. Rendle Company v. Conley & Daggett, Inc.,* 313 Mass. 712; *Perry v. Hanover,* 314 Mass. 167, 169; *Ryerson v. Fall River Philanthropic Burial Society,* 315 Mass. 244, 245; *Godfrey v. Caswell,* 321 Mass. 161, 163.

■ The defendant urges in his brief that there was no evidence as to the fair market value of the merchandise alleged to have been sold. Even if this contention were open to the defendant on the report it appears clear to us that as was said in the case of *Sayles v. Quinn,* 196 Mass. 492, 496, "the whole course of the trial shows that both parties admitted a contract to have been made, which, as to price originally agreed upon, was not in issue".

The real issue raised and contested was whether the defendant or the Ford Motor Sales Company owed the amount as set forth in the judge's finding.

We find no error and the report is dismissed.

Philip Barnet, of New Bedford, for the Plaintiff.

George B. Goodman, of New Bedford, for the Defendant.