*Municipal Court of the City of Boston*
No. 179645

**THE VILLAGER, INC. d/b/a**

v.

**JOHN BATCHELDER**

Argued: May 10, 1968    Decided: May 21, 1968

*Present:* Adlow, C.J., Gillen, J. & Gorrasi, Sp. J.

Case tried to *Glynn, J.*

*Adlow, C. J.* Action of contract to recover the sum of $2,710.81 from the defendant pursuant to an agreement of guaranty. [The court found for the defendant.]

*At the trial there was evidence that* on December 9, 1966 the defendant in writing agreed with the plaintiff to guaranty payment for goods ordered on the previous day by Michael Pacella from the plaintiff. The agreement was in these terms:

"December 9, 1966

Miss Rose Burke
The Villager & Ladybug
Allegheny & Richmond Avenues
Philadelphia, Pennsylvania

Re: *The Towne Shop*

Dear Miss Burke:

In reference to your conversation with Mr. Michael Pacella on December 8, 1966, in consideration of your making a contract dated December 8, 1966 with the Towne Shop (hereinafter called the Buyer) to supply it with certain merchandise for sale to its customers at the contract price of approximately $3,000, I hereby guaranty to you the payment of such sum on or before January 10, 1967.

This instrument is not a continuing guaranty and shall apply only to goods delivered to the Buyer pursuant to the above-mentioned contract. Any monies received by you from the Buyer subsequent to the date hereof shall be applied to the debt hereby guaranteed.

My liability hereunder shall not be affected by any extension of time, renewal, or change in form of the debt hereby guaranteed.

Very truly yours,
(s) JOHN BATCHELDER"

The report states that "In reliance on the

letter dated December 9, 1966 the plaintiff furnished goods to Michael Pacella d/b/a The Towne Shop to the value of $2,710.81.'' Michael Pacella did not pay for the goods and went into bankruptcy; the plaintiff submitted an invoice for the goods to the defendant and he refused to pay for same. The defendant did not offer any evidence, and there was a finding for the defendant.

The manner in which this report comes before the court leaves much to be desired. On the undisputed facts the plaintiff was entitled to a finding. The plaintiff had a written contract of guarantee, and in reliance on this contract furnished goods to the value of $2,710.81. The court emphasizes in the report that the sale by the plaintiff was ''an oral order''. If by this the court meant to imply that such a transaction was not covered by the terms of the guarantee it was clearly wrong. While a contract involving the sale of an amount exceeding $500 must be in writing, the statute does not apply if the sale has been consummated and the goods have been received and accepted by the buyer. G.L.c.106, § 2-201(c).

The law is clear that an oral contract of sale may be enforced if the buyer receives and accepts the goods. *Black Beauty Coal Co.* v. *Cohen,* 267 Mass. 98.

The report states that when the letter of December 9, 1966 was received by the plaintiff from the defendant there was enclosed in

the envelope a copy of a Financing Agreement that was consummated between John Batchelder, Michael Pacella, and one Gerald Reilly, designated in the agreement as Escrowee. It should be noted that no mention of this Financing Agreement is made in the letter of guaranty sent to the plaintiff by the defendant. Regardless of the provisions of this Financing Agreement, whatever they may be, they do not affect the rights of the parties involved in the guaranty. This Financing Agreement is strictly *res inter alios* and of no effect.

■ The facts come before us virtually as a case stated. No evidence was offered by the defendant challenging the plaintiff's version of the cause. No issue of fact was raised, and the court based its finding for the defendant on the theory that the evidence did not warrant a finding for the plaintiff. This was clearly wrong.

It is to be regretted that counsel for the plaintiff did not protect the interests of his client by filing requests for rulings as required by Rule 30 of this court. Under ordinary circumstances, such an oversight would be conclusive of any right to a review, and counsel for the plaintiff might have filed a motion to disallow the report because no question of law was presented by the record which could be predicated on rulings made by the court. Not having so moved, the cause comes before us on the reported facts as a case stated, and the objections to procedural regularity are deemed

waived. *Ellsworth* v. *Brewer,* 11 Pick. 316, *Kimball* v. *Preston,* 2 Gray 567, *Kennedy* v. *B.A. Gardetto, Inc.,* 306 Mass. 212, 220.

In the instant cause we are not confronted by a question involving an issue of fact. In such case the finding of the trial judge would be final. What confronts this court, involves an erroneous conception of the law. We have already noted that counsel for the plaintiff should have protected his client's interests by filing requests for rulings of law. To a certain extent this is so, but we must remember that in the state of the evidence when the defendant rested, the plaintiff had a right to assume that the court would determine the issue on the basis of correct principles. In the circumstances counsel might well claim that he was taken by surprise. There is an inherent power in this court to prevent against such consequences. No one has a vested interest in an oversight. *Cutler* v. *Rice,* 14 Pick. 494, 495.

If allowed to stand this finding would constitute a denial of justice. To prevent such a miscarriage it becomes the duty of this court to order a new trial. *Tuttle* v. *Brown,* 10 Cush. 262, 264-265.

Finding for the defendant vacated. New trial ordered.

Jerome A. McCusker,
  for the Plaintiff.
Milton B. Goodman,
  for the Defendant.