*Municipal Court of the City of Boston*
No. 288632

## ARROW PAPER CORPORATION

v.

## BOYLSTON FOODS, INC.

Argued: Jan. 14, 1972 - Decided: March 1, 1972

*Present:* Adlow, C.J., Gillen J., Gorrasi, Spec. J.

Case tried to *Deguglielmo, J.*

**Gorrasi, Spec. J.** This is an action in contract to recover in *quantum meruit* for goods sold and delivered. The defendant answered by way of a general denial, plea of payment, and that the defendant made a special arrangement whereby the plaintiff agreed not to extend credit to the defendant.

There was evidence that the merchandise in question was sold by the plaintiff to the defendant, that the goods were received, and that the prices charged were fair and reasonable. There were occasions in the past where the plaintiff did business with the defendant on open account. At one time, prior to the sale of the items in question the defendant, through its president, called the plaintiff and directed that deliveries be made only on a C.O.D. basis, no credit to be given.

The plaintiff failed to file requests for rulings of law at the close of the evidence and before final arguments. The court found for the defendant.

The plaintiff filed a motion for a new trial on the grounds that:

(1) The finding for the defendant is against the evidence.

(2) The finding for the defendant is against the law.

(3) The plaintiff has newly discovered evidence which was not available at the trial and unless it has an opportunity to

present said evidence, there will be a failure of justice.

No offer of newly discovered evidence was made at the hearing on the motion for a new trial.

The court denied the motion for a new trial, to which denial the plaintiff claims to be aggrieved.

There was no error. A motion for a new trial may be filed on the grounds of newly discovered evidence or a mistake of law. Rule 19, Municipal Court of the City of Boston (1952). There was no offer by the plaintiff of newly discovered evidence.

The plaintiff did not file requests for rulings of law at the end of the trial on the merits. In order to preserve the right to review questions of law, requests for rulings of law must be filed. A trial judge is not required to make rulings of law not called for by proper requests. *Campanale* v. *General Ice Cream Corp.,* 314 Mass. 387-389.

Questions of law which might have been raised at the trial on the merits cannot be raised as of right on a motion for a new trial. *The Haines Corp.* v. *Winthrop Sq. Cafe, Inc.,* 335 Mass. 152, 154. *Peterson* v. *Hopson,* 306 Mass. 597, 599-600 [Leading case]. In such cases, the motion for a new trial is addressed to the sound discretion of the court from which there is no review unless there is shown a clear abuse of discretion. *Bartley* v. *Phillips,* 317

Mass. 35. No abuse of discretion has been shown.

**Report dismissed.**

JOSEPH KRINSKY of Boston
for the Plaintiff

LOUIS A. ZONDERMAN of Boston
for the Defendant