*Southern District*
No. 73
**ROCKLAND CREDIT UNION**
v.
**HELEN MARKOLA**

Argued: Jan. 31, 1974 - Decided: May 2, 1974

*Present:* Murphy, P.J., Lee, Rider, JJ.

Case tried to *Owen, J.* in the Second District Court of Plymouth. No. 52027.

**Lee, J.** This is an action of contract based upon a promissory note on which the defendant is a co-maker. The declaration alleges that the defendant owes the plaintiff the sum of $1,193.50, with interest from November 19, 1972, and an attorney's fee as provided in the note.

The defendant's answer consists of a general denial, that the defendant was discharged from liability on the note because of the failure of the plaintiff to notify her of the maker's default and that the plaintiff did not comply with the "Truth in Lending" statute.

At the trial, the plaintiff's collection manager testified that there was an outstanding balance of $1,193.50 on the note which was a renewal of a prior note. The note and a disclosure statement executed by the maker were introduced. The note provided as follows:

> "Also, if the holder hereof after default shall place this note in the hands of an attorney for collection there shall be added the legal cost of collection to the aggregate of principal, interest and fines due on the note at the time of the employment of such attorney, such charge in no event to be less than ten dollars."

The plaintiff's attorney testified as to the services he performed and that the fair value of said services was $397.83. On direct exam-

ination, the defendant testified that she received nothing for signing the note and that she had received no notice from the plaintiff that the note was in default. On cross examination, she testified that she knew she was an accommodation party and that she could have received notice of the maker's default.

The plaintiff filed the following requests for rulings and findings of fact:

1. The plaintiff has sustained the burden of proof resting on it and on all the evidence is entitled to recover.

2. The plaintiff has complied with all the consumer credit cost disclosure requirements under Massachusetts General Laws, Chapter 140C.

3. If the plaintiff furnished a proper credit disclosure statement to the maker of the note declared upon, it is not required to furnish such a statement to the defendant, who is a co-maker. See G.L. c. 140C, § 5(d).

4. Under Section 226.6(e) of Regulation Z promulgated by the Board of Governors of the Federal Reserve System, the plaintiff is required to furnish a credit disclosure statement to only one of the parties who executed the note declared upon and, if such a statement was furnished to the maker, the plaintiff had no obligation to furnish a statement to the defendant, who is a co-maker.

5. The plaintiff has complied with all the consumer credit cost disclosure requirements of Title 1 of the Consumer Credit Protection Act. (P.L. 90-321).

6. If the plaintiff furnished a proper credit disclosure statement to the maker of the note declared upon, it is not required to furnish such a statement to the defendant who is a co-maker under the provisions of Title 1 of the Consumer Credit Protection Act. (P.L. 90-321).

The court found for the plaintiff in the sum of $1,193.50 and made the following Memorandum of Findings of Fact:

"I find the disclosure law was complied with. I find the Defendant was notified of default of the maker. I find the note did not provide for an attorney's fee."

The court did not act upon the plaintiff's requests for rulings, making the following notation with respect thereto:

"Immaterial in view of Findings of Fact."

The sole question of law to be determined by this Division is whether the language contained in the promissory note executed between the parties provided for an attorney's fee.

We note at the outset that counsel for the plaintiff should have protected his client's interest by filing pertinent requests for rulings of law in regard to this point as set out in Rule 27 of the District Courts. See also *The Villager Inc.* v. *Batchelder,* 40 Mass. App. Dec. 29 (1968).

The other avenue of appeal open to the plaintiff would have been by a motion for new trial. In this instance even though the motion was timely filed it was not argued and would not have availed the plaintiff at any rate because the question of law involved was not raised at the trial by a request for ruling and therefore could not have been raised as of right by said motion for new trial. *Arrow Paper Corporation* v. *Boylston Foods, Inc.,* 48 Mass. App. Dec. 46, 48. *The Haines Corp.* v. *Winthrop Sq. Cafe, Inc.,* 335 Mass. 152, 154.

The preliminary matter to be decided therefore is whether this Appellate Division has the power to review the conclusion of law of the District Court below even though there has not been full compliance with the Rules of Court.

There is an inherent right in this Division to prevent a miscarriage of justice and to have a case decided on the basis of correct principles of law. This court may review a finding of a lower court in its discretion even though it is not rightfully before the court on the point of law involved. *Gibbons* v. *Denoncourt,* 297 Mass. 448, 450. *Irving* v. *Bonjorno,* 327 Mass. 516, 518.

We are able to ascertain in the instant matter the point of law in question through clear evidence in writing and therefore do grant a review and decision in order that justice may be rendered.

The interpretation of the language in this written contract presents a question of law for this Division and is not a question of fact. *Gil-Bern Construction Corp.* v. *Medford,* 357 Mass. 620, 623.

The construction of a written instrument to be adopted is one which seems to be in accord with justice, common sense and the probable intent of the parties. *New England Foundation Company, Incorporated* v. *Commonwealth,* 327 Mass. 587, 596.

An examination of the wording in this contract given its natural meaning and interpretation leads us to the conclusion that it did provide for an attorney's fee.

Since there was undisputed evidence that the fair value of the services rendered by the plaintiff's attorney was $397.83, and no indication by the trial justice in his finding that this amount was not fair and reasonable, the lower court's finding should be amended to include this amount as attorney's fee.

There being prejudicial error, the finding in this case is revised and damages are set at $1,591.33.

**So ordered.**

A. H. FEINGOLD
    for Plaintiff
JAMES M. McDONOUGH
    for Defendant