*Western District*

# No. 159

# REVERE SINK CORP.

## v.

# FABCO METAL PRODUCTS, INC.

Argued: Aug. 20, 1975. Decided: Feb. 23, 1976.

Case tried to *Leboeuf, J.,* in the First District Court of Southern Worcester. Number: 22742.

Present: Gould, P.J.; Constantino, Walsh, J.J.

Counsel for Plaintiff: Kressler & Kressler.

Counsel for Defendant: Charles F. Foster.

**Walsh, J.** This is an action of contract for goods sold and delivered brought by a manufacturer of sinks against a customer. The plaintiff declared on an account annexed for 342 sinks at $10.40 each and one at $16.00 for a total claim of $3,572.80. The defendant, in addition to answering by general denial, pleaded payment, denial of corporate existence, denial of

receipt, discharge, abandonment of the contract, cancellation of contract, Statute of Frauds, failure of consideration, illusory contract and discharge by novation.

*There was evidence tending to show that* on March 7, 1972 the defendant, by written purchase order signed by Paul Ducharme, its President and purchasing agent, ordered 1,000 stainless steel sinks at a quoted price of $10.40 each and indicated a preference for certain specifications for holes in the sink "instead of the sta sink holes furnished in the sample." The sink ordered by the defendant was unique in that the number of holes and their positioning on the back of the sink were different than the standard kitchen stainless steel sink.

On May 17, 1972, it was agreed between the plaintiff, the defendant and D M K, Incorporated, a third party, that $9,000.00 to be due the plaintiff under the original order would be assumed by the third party, D M K, Incorporated.

There was further testimony that on May 19, 1972 Mr. Ducharme prepared a written cancellation of the original purchase order and put it in the mail directed to the plaintiff at the same post office "where the defendant (plaintiff?) has a post office box" and the letter was never returned as undelivered. Plaintiff's plant manager testified he never received any notice of cancellation and that all correspondence comes to him.

During the end of June or beginning of July 1972, Mr. Ducharme visited plaintiff's plant and orally placed an order for 400 sinks under the original order to be delivered to Soroco Fabrications and 343 sinks were shipped and delivered to Soroco Fabrications. Two invoices attached to the report show that the sinks were sold to the defendant and shipped to Soroco Fabrications under defendant's original order number. One invoice was dated June 29, 1972 and

indicated 200 sinks were ordered, 142 were shipped for a unit price of $10.40 in the amount of $1,476.80. The other invoice was dated July 7, 1972 and indicated 200 sinks were shipped at a unit price of $10.40 in the amount of $2,080.00 and one sink at $16.00 for an invoice total of $2,096.00.

The defendant filed "Requests for Rulings of Law and Fact" as follows:

1. As a matter of law where title to articles manufactured by the plaintiff does not pass to the defendant until delivery and where no delivery is made to the defendant, the plaintiff cannot recover on an account annexed for goods sold and delivered.

2. Upon the evidence and as a matter of law where the defendant gives seasonable unambiguous written notice of cancellation to the plaintiff, the contract is effectively repudiated and the plaintiff cannot recover.

3. Upon the evidence and as a matter of law, where the defendant notifies the plaintiff of cancellation by letter dated May 19, 1972 but plaintiff ships goods in cancelled order to third party on June 29, 1972 and July 7, 1972, the defendant has notified the plaintiff within a reasonable time of his election to rescind.

4. Upon the evidence and as a matter of law where the plaintiff and the defendant agree to a modification of the contract whereby the plaintiff is to ship merchandise originally ordered by defendant to a third party who assumes responsibility for payment, the original contract as to delivery of goods is no longer enforceable against the defendant once modification is accepted by the plaintiff.

5. Upon the evidence and as a matter of law where the defendant gives timely notice of cancellation of its contract with the plaintiff and where plaintiff thereafter delivers goods to a third party pursuant to an agreement to substitute parties to the contract, supplying defendant with a bill manifesting the sub-

stitution, the actions of the plaintiff and the defendant constitute mutual abandonment of the contract and the plaintiff is not entitled to recover against the defendant for goods sold and delivered to the third party.

**6.** Upon the evidence and as a matter of law the defendant terminated its contract with the plaintiff by instrument dated May 19, 1972.

**7.** Upon the evidence and as a matter of law the defendant gave notice of termination of its contract with the plaintiff by instrument dated May 19, 1972.

**8.** Upon the evidence and as a matter of law, the plaintiff is not entitled to recover for "goods sold and delivered by the plaintiff to the defendant" where the defendant never received the goods sold.

**9.** Upon the evidence and as a matter of law, where the defendant received none of the goods sold by the plaintiff, there is a failure of consideration and the plaintiff is therefore not entitled to recover.

The trial justice made the following "findings":

"**1.** I find that the defendant Fabco Metal Products, Inc. on March 7, 1972 ordered from the plaintiff, Revere Sink Corp., 1,000 sinks with specialized instead of standard holes.

**2.** Between March 22, 1972 and May 18, 1972 there was delivery of part of said order to defendant by shipment to Soroco Fabrications in accordance with defendant's instructions.

**3.** On or about May 17, 1972 it was agreed by and between the plaintiff, the defendant, and DMK Incorporated, a third party with whom the defendant did business, that the first $9,000 to be due the plaintiff by the defendant on said order would be assumed by the said third party and that the balance of said order would be billed as delivered to the defendant; that

there was no agreement nor intent by any of the parties that defendant be released from the terms of the original order.

**4.** That a purported cancellation of said order by the defendant dated May 19, 1972 was never received by the plaintiff.

**5.** That the defendant in late June 1972 requested delivery of 400 more sinks on an original order and directed them to be shipped to Soroco Fabrications; that on June 29, 1972 and July 7, 1972 a total of 343 sinks were shipped and delivered to Soroco Fabrications; that said shipment and delivery to Soroco Fabrications was in accordance with instructions of the defendant.

**6.** I find for the plaintiff and assess damages in the amount of $3,572 together with interest from July 7, 1972.

The defendant's requests for rulings are deemed inapplicable to facts as found."

The defendant claims to be aggrieved by the findings of the trial justice as set forth in paragraphs numbered 1, 3, 4, 5 and 6 and by the action of the justice in ruling the defendant's requests for rulings as inapplicable to the facts found rather than allowing or refusing each specific request.

The issues presented by this appeal are whether the trial justice properly ruled on defendant's requests and whether his findings of fact were warranted on the evidence presented.

 The defendant argues in its brief that each request should have been separately and specifically denied rather than "summarily dismissing them as inapplicable" and quotes certain wording in Rule 27 of the District Court Rules (now in Rule 64 of Dist./Mun. Cts. R. Civ. P.). Defendant asserts that the language in the rule that "Decisions of the trial justice

as to all requests . . . ." imports that more than one decision is necessary, otherwise it is impossible to determine whether an error of law has been made.

We do not follow this reasoning and hold that defendant has not been deprived of any of its rights to review the actions of the trial justice whether the requests for rulings were handled individually or collectively. Had the trial justice refused to take action on its requests for rulings, the defendant could consider this as a denial of them and proceed on that basis. *Kravitz v. Lipofsky,* 294 Mass. 80, 84 (1936); *Haven v. Brimfield,* 345 Mass. 529, 533 (1963). Even if the justice had merely failed or neglected to pass on its requests for rulings, the defendant was not deprived of his right to review. Such failure to act is deemed to be an implied denial of all requested rulings which were relevant and inconsistent with the findings. *Bankoff v. Coleman Bros., Inc.,* 302 Mass. 122, 123 (1939); *Margolis v. Margolis,* 338 Mass. 416, 417 (1959). Simply because the justice did not use the actual words refused or denied, we do not find that there is any doubt in his disposition of the requests. The plain import of his deeming them inapplicable to facts as found and failure to grant them are tantamount to refusal and defendant would be entitled to review on that basis as well as for reasons previously stated.

Requests for rulings are properly denied when they are inapplicable to the facts found by the trial justice. A requested ruling may be refused, not because it states an incorrect rule of law, but because it is rendered immaterial. A request for a ruling even though accurate as an abstract statement which is inapplicable to the facts, rightly may be denied. *Pemberton Sq. Operating Co. v. Lydon,* 292 Mass. 63, 66 (1935).

However, Rule 27 of the Rules of the District Courts provides in part, "Whenever any request for

rulings, founded upon evidence, shall be refused upon the ground that it is inconsistent with or inapplicable to the facts found, or because the facts recited in the request are not found, the court shall state the facts found, or the facts recited which it does not find, upon which such refusal is based, unless the same appears from special findings filed." In this action the justice made special findings of fact and we think he adequately complied with the rule and, further, that his findings are supported by the evidence. *Dileso v. Bellino,* 338 Mass. 801 (1959).

In request number 1 the defendant raises the question of delivery of the sinks. The justice found that delivery was made in accordance with instructions of the defendant which were also set forth. In requests numbered 2, 3, 5, 6 and 7 the defendant raises the issue of cancellation or termination of the contract and notice to the defendant thereof. The justice found "that a purported cancellation of said order by the defendant dated May 19, 1972 was never received by the plaintiff." Request number 4 brings up modification of the contract and assumption of defendant's liability thereunder by another. The justice found there was no agreement or intent by any of the parties that defendant be released from the terms of the original order. Requests numbered 8 and 9 allude to the defendant not receiving the goods. The justice found that the goods were delivered according to instructions and where there was no evidence of rejection after delivery could have found acceptance. G.L.c 106, §2-606 (b).

Defendant's requests might have been refused on another ground. They are labelled as "Requests for Rulings of Law and Fact". In essence they seem to be requests for findings of fact. Describing a request for ruling as one of law (although both the terms law and fact were used here) does not make it so. Its nature will be determined by its substance rather than its title. *Castano v. Leone,* 278 Mass. 429, 431 (1932).

 The court in an action of law is not required to pass upon a request for a finding of fact. *Wrobel v. General Accident Fire & Life Assur. Corp.*, 288 Mass. 206, 209 (1934).

Where a trial justice refused findings of fact and then made findings on his own it was held that "The plaintiff was not entitled to findings on these . . . . . grounds although the judge in refusing the request made findings on most of the material matters embraced in these grounds." *Strachan v. Prudential Ins. Co.*, 321 Mass. 507, 509 (1947).

 The defendant alleges that the findings of the trial justice are inconsistent. We disagree, but even if it were so, the proper remedy for the defendant was to file a motion to correct any inconsistency claimed or by a motion for a new trial. *DiLorenzo v. Atlantic National Bk. of Boston*, 278 Mass. 321, 324 (1932); *Biggs v. Densmore*, 323 Mass. 106, 108-109 (1948).

 The defendant also argues the Statute of Frauds. It concedes that there was evidence of a new contract in June or July 1972 (this would further render immaterial any issue of cancellation, termination or assumption of the written contract of March 7, 1972), but states it is unenforceable as a contract for the sale of goods over $500, which requires a writing. G.L.c. 102, §2-201 (1). However, said §2-201 subsection (3) sets forth, "A contract which does not satisfy the requirements of subsection (1) but which is valid in other respects in enforceable . . . (c) with respect to goods . . . which have been received and accepted (§2-206)." An oral contract of sale may be enforced if the buyer receives and accepts the goods. *The Villager, Inc. v. Batchelder*, 40 Mass. App. Dec. 29 (1968).

No error having been found on the part of the trial justice, **the report is ordered dismissed.**