Jodrey, J.
This is an action in contract in which BayBank Harvard Trust Company (Baybank) seeks damages against Thomas F. Costello (Costello) for his breach of warranty as the indorser of a note, for checking account overdrafts and for money had and received.
The defenses relied upon by Costello are that BayBank or its agent failed to protest upon the dishonor of the check which forms the basis of this controversy; *179 failed to comply with the “Midnight Deadline Rule;” and converted the check in question by refusing either to return the check or to pay it to Costello.
The defendant filed a counterclaim which alleged false credit reporting by Baybank and which sought consequential damages for BayBank’s alleged failure to promptly and properly process the check.
Requests for rulings were timely filed by each party.
The court found for Baybank in the sum of $4,348.38 with interest; and for Baybank as defendant-in-counterclaim.
The trial justice deemed waived Baybank’s requests for rulings and found that Costello’s requests for rulings were not in proper form.'
The defendant charged the trial court with error in its rulings in various requests made by the defendant in connection with both the case-in-chief and the counterclaim. At the hearing before this Division, however, the defendant waived all appellate issues arising from the counterclaim and from certain requests pertaining to the case-in-chief. Consequently, our review is limited to the remaining requests, numbers 10,13,16,18, 20,21,24, 26, 27,29,30 and 37.
In considering these requests and the trial court’s disposition thereof, we reviewed the following, reported evidence: On December 10, 1980, Costello opened a checking account at Baybank. On February 11, 1981, Costello deposited for collection a check in the sum of $4,850.89. This check was drawn on the account of G.E Dennis of Denwood Forest Products at the Bank of Montreal in Smith Falls, Ontario, Canada. Costello endorsed the check as follows: “For Deposit Only to Account of Tom Costello.” The parties stipulated that the check was drawn and payable outside of the United States, its territories and the District of Columbia.
A representative of Baybank testified that the check was deposited with the Boston Branch of the Bank of Nova Scotia, by a hand courier, on February 13, 1981. The Bank of Nova Scotia promptly transmitted the check to its Regional Data Center in Toronto, Canada. Baybank gave Costello a provisional credit by posting the check to Costello’s checking account on February 11, 1981. On February 12,1981, Baybank debited Costello’s account $6.06 for processing and handling the check, and gave Costello notice thereof.
In answers to interrogatories propounded by Costello, George J. Kelly, assistant vice-president and security officer of Baybank, stated that on information and belief the check was at the Bank of Montreal on February 24, 1981; and that he learned on March 6,1981 that the check had been returned unpaid. William Miles, former branch manager at the Lexington Baybank and officer at the main Baybank office, testified that action was taken against Costello as a result of information he received when he called the Bank of Montreal. No direct testimony was presented regarding the presentment or dishonor of the check. The parties stipulated that there was no formal protest upon dishonor.
Two weeks after Costello deposited the check in his checking account, Baybank allowed Costello to draw against the, as yet, uncollected funds. Costello drew all but $398.41 out of his checking account by March 2,1981.
On Monday, March 2, 1981, the Bank of Nova Scotia in Boston received the check back from Canada and then returned the check, together with notice of dishonor, to Baybank. On March 6, 1981, Baybank mailed written notice of dishonor to Costello without a certificate of protest, but retained possession of the check in which Baybank continues to allege a security interest.
On March 6,1981, Baybank debited Costello’s checking account in the amount of $4,852.89 (two dollars over the original face amount of the check) without exercising Costello’s one thousand dollar Reserve Line of Credit which was *180 appertinent to his checking account. During the period from March 7, 1981 through March 12, 1981, Costello and Mr. Miles of Baybank discussed various alternatives to correct the overdraft. Costello’s application for an increase in his Reserve Line of Credit was denied by Baybank on the grounds that Costello’s existing credit line already exceeded ten (10%) percent of his annual income.
On April 12 and April 23, 1981, Baybank requested in writing that Costello correct the overdraft. Costello continued to demand that Baybank either pay the check or return it to him. Baybank has consistently indicated a willingness to return the check to Costello as soon as the amount owed to the bank by him is paid.
On November 25,1981, Baybank resubmitted the check directly to the Bank of Montreal. Costello by certified letter of the same date demanded formal presentment, protest upon dishonor and written notice to him of this second processing. Baybank made no formal protest of dishonor at the time.
The trial justice made no findings of fact.
1. The trial justice herein declined to rule on defendant’s requests for rulings because “they were not in proper form.” It is well established that a trial judge is not compelled to make legal rulings not called for by proper requests. See, e.g., Campanale v. General Ice Cream Corp., 314 Mass. 387 (1943); Bangs v. Farr, 209 Mass. 339 (1911). We have reviewed defendant’s requests numbers 10, 13, 16, 18, 20, 21, 24, 26, 27, 29, 30 and 37 and concur with both the trial justice’s assessment of these requests as improper and inadequate and her refusal to rule thereon.
2. The defendant’s twelve purported requests for rulings, whether considered individually or as a unit, do not set forth complete and accurate statements of the principle of Articles 3 and 4 of the Uniform Commercial Code,G.L. c. 106, § 3-102 et. seq. which govern this case. Relevant Code limitations, qualifications or exceptions to certain commercial law principles are disregarded in the defendant’s requests which primarily constitute abridgements or simplifications of the applicable law designed solely to support the position of the requestor. The essential function of Dist./Mun. Cts. R. Civ. P. Rule 64(b) requests for rulings is defeated where such requests misstate governing law. Such requests are properly denied. See, e.g., Kaufman v. National Casualty Co., 342 Mass. 412, 415 (1961); Downey v. Levinson, 247 Mass. 358, 365 (1924).
3. Further, certain of the defendant’s requests are argumentative, call for findings of fact or are premised on merely selected segments of the evidence adduced at trial. A party is not entitled to the allowance of a request which ignores critical aspects of the case or is predicated on a fragmentary portion of the evidence. Norton v. Boston Elev. Rwy. Co., 317 Mass. 145 (1944); Katzeff v. Goldman, 248 Mass. 365, 368 (1924). A request for a ruling on the effect of a single fact may be denied when other evidence has a bearing on the issue. DeChene v. Willard, 320 Mass. 324, 325-326 (1946). In short, no error attends the denial of, or refusal to act upon, any request which relates to an indecisive portion of the evidence. LaFoley v. Ferbas, 335 Mass. 769 (1957); Braimaster v. Wolf, 320 Mass. 620, 622 (1947).
4.A trial justice in a district court proceeding is generally not required to make findings of fact. Dist./Mun. Cts. R. Civ. P. Rule 52(b); Ashapa v. Reed, 280 Mass. 514, 156 (1932). In a case of this sort, however, a trial justice may wish to consider the entry of special findings where such findings would make clear to the parties, to counsel and to an appellate court those subsidiary, factual determinations to which rule of law were applied and which underlie the court’s ultimate decision.
The reported evidence in this case, and all inferences which may be properly *181 drawn therefrom, sustain the trial court’s ultimate finding for the plaintiff, Baybank. The trial court’s judgment is affirmed.
5. There being no error, the report is dismissed.