Shubow, J.
This is an action of contract in which the court awarded damages to the plaintiff because, after purchasing a motor vehicle from a business known as Centre Auto Sales, the plaintiff was not furnished title papers to the vehicle, was accordingly unable to register it and unable to operate it except for a period of six months during which he used dealer plates supplied by the seller.
The plaintiff alleged that the defendant was the liable party even though he dealt only with asalesman named Gallagher and the defendant’s son, one Paul Vrusho. The issue in the case is not whether the plaintiff was wronged, or the amount of his damages[2] but whether the defendant was responsible as he was determined to be by the trial judge.
We summarize the evidence from recitals in the Report. On or about July 1982, in response to an advertisement, the plaintiff purchased a motor vehicle *198 as a result of negotiations with one Gallagher, a salesman employed by Centre Auto Sales. The plaintiff had no contact with the defendant George Vrusho but conducted all of his business dealings with Gallagher or the defendant’s son, Paul Vrusho. The plaintiff was not delivered a valid title but was granted the use of a dealer plate from July 1982 until the end of December 1982. Thereafter, the dealer plate expired and the plaintiff has been unable to use or register the vehicle since that date. A business certificate originally issued August 18,1981, indicated that according to records on file with the Town of Framingham, George E. Vrusho was the person doing business under the name Centre Auto Sales. A license to sell automobiles in the defendant’s name was admitted into evidence. The defendant and his son, who was incarcerated at the time of trial, both testified that the business certificate and license had been falsely applied for by the son without the defendant’s knowledge or consent. The son acknowledged receiving and negotiating the check paid in partial satisfaction of the purchase price. In August 1983, the defendant appeared before the licensing authorities who were planning to revoke the license of Centre Auto Sales because of the forgeries and other violations. The defendant stated he “allowed the license to remain in his name from August of 1983 on.
The trial judge’s findings of fact essentially follow the evidence summarized but contain certain crucial additions.[3] The judge found that the defendant had knowledge of his son’s application and acquiesced in the business of Centre Auto Sales being conducted in his name. The judge found that in “response to the summons and complaint for the plaintiff, the defendant in a letter to the plaintiffs attorney acknowledges he was the license holder of Centre Auto Sales.”
The judge further found that Gallagher was the defendant’s agent.
We' turn now to consideration of each of the Requests as to which the defendant claims to be aggrieved, and the judge’s action thereon.
“3. On all the evidence there should be a finding for the Defendant.” “Denied (see findings).”
The Request was rightly denied as a matter of form. The words “there should be a finding” sound more like an exhortation than statement of a principle of law. Traditionally requests have asserted either that a finding is warranted (meaning that there is evidence which if believed justifies the finding described) or that a finding is required (meaning that on specified evidence the finding sought is the only one open as a matter of law). Moreover, it has longbeen established that requests based “on all the evidence” are improper. [Dellamano v. Francis, 308 Mass. 502, 503 (1941)] and need not be reviewed [ Perma-Home Corp. v. Nigro, 346 Mass. 349, 353-354 (1963)].
“4. The evidence does not warrant a finding that the Defendant had any *199 contact with the Plaintiff in relation to the sale of the motor vehicle in question.”
“Allowed, however the evidence does not so state, the defendant’s agent Gallagher on behalf of the defendant had a contract for sale of the motor vehicle.”
We are not comfortable with the judge’s ruling. We take it upon analysis tobe a statement that while the request is correct in that a finding of contact between the plaintiff and defendant could not be made on the evidence, the matter was immaterial in .view .of the finding that Gallagher was the defendant’s agent. That finding has not been challenged and is probably dispositive. We believe the better course would have been to squarely deny the request as immaterial. We note in passing that the appellant’s brief contains no argument addressed to this Request. An appellate court need not pass on questions or issues not argued in a brief. See NOLAN, CIVIL PRACTICE, § 1000. Cf. Lewis v. Emerson, 391 Mass. 517, 521 (1984).
“5. The evidence does not warrant a finding the Defendant was the agent or employee of the Centre Auto Sales who did business with the Plaintiff.”
“Allowed, however, I do not believe the evidence so stated, in fact I believe that the agent was acting for Centre Auto Sales.”
We find the judge’s action on the Request incomprehensible. However, the Request should have been denied as immaterial since the judge neyer for a moment treated the defendant as agent or employee who did búsiness with the plaintiff. See Herman v. Sadolf, 294 Mass. 358, 362 (1936). But since neither qualified allowance, nor denial, has even a remote impact upon the., judge’s fundamental view of the facts, any error in the ruling'is without consequence. “In order to pose a request requiring a judicial answer it must relate toa fact or to a factual aspect of the case that is dispositive or decisive of an issue in the case.” Stella v. Curtis, 348 Mass. 458, 462 (1965).
“6. The evidence does not warrant a fin ding that the Defendant was the true owner of the business called the Centre Auto Sales.”
“Allowed, however, I do not believe the evidence so states the defendant held the business certificate and license in his name as George Vrusho doing business as Centre Auto Sales.”
We read the judge’s ruling, not without some difficulty, as asserting that while a finding was warranted that the defendant was not the true owner of the business, he did not believe the evidence pointing in that direction and found the defendant was the true owner. There was evidence warranting such a conclusion.
The evidence (and reasonable inferences therefrom) is to be found in the public records (the business certificate under G. L. c. 110, § 5), in the defendant’s testimony before the licensing authorities (which could be deemed a ratification of his son’s acts or, alternatively, as contradicting the defendant’s own testimony), in the acknowledgement that he was indeed the licensee. There is a strong public policy that supports the inference that the public records accurately recite the facts stated therein. See Mann v. Payne, 256 Mass. 233, 236 (1926). The statutes are meant to protect the public and to lead to identification of the proper parties, as was apparently the case here, for purposes of litigation, among other things.
We find little argument in the defendant’s brief in support of his position with respect to his requests numbered 8 and 9. In any event, we consider them immaterial. The decision did not turn on the “mere fact” of the defendant’s *200 license to sell motor vehicles. Nor was there any ruling that this defendant was not estopped from denying ownership. His problem is that his denial was not believed.
There being no prejudicial error shown, we order the Report dismissed.

 Although we cannot determine from the Report the precise rationale used by the judge to arrive at the figure awarded for damages, no request for ruling or argument deals with the issue and we therefore cannot deal with it. Bushnell v. Bushnell, 393 Mass. 462, 475 (1984); Pion et al. v. Pezza et al, 1985 Mass. App. Div. 36, 38-39 (1985).

 Some of these findings are not supported by the evidence summarized in the Report However, as will appear, no request for ruling based on the insufficiency of the evidence to warrant the particular finding was made. The findings are, therefore, not reviewable by us. Reid v. Doherty, 273 Mass. 388, 390 (1930); Heil v. McCann, 360 Mass. 507, 511 (1971). Cf. Rockland Credit Union v. Markola, 54 Mass. App. Dec. 162, 166 (1974). This may be an appropriate place to point out that although the Report as filed with us recited that the “defendant is aggrieved by the court’s denial of his Request for Rulings of Law Nos. 3, 8, and 9 and the Court’s qualified allowance of Request Nos. 4, 5 and 6,” the actual text of the Requests is not included in the Report. Although such an omission in the past would have been fatal to the case [see Dist./Mun. Cts. Rule 64(c)(2), Rollins v. Perry, 284 Mass. 488, 489 (1933) ] we accept the late filing of the actual Requests for Rulings. We do so in accordance with the teaching of Cape Cod Bank & Trust Co. v. LeTendre, 384 Mass. 481, 484-485 (1981), because the text of the Judge’s Rulings on the Requests is before us and because the prevailing party does not complain. Remand, as in Burns v. Sawyer, 34 Mass. App. Dec. 67, 70 (1966), seems unnecessary. Sins of omission of this kind would be readily avoidable if the Draft Report model embodied in Form 33 of the rules of procedure was regularly consulted.