Donovan, J.
Plaintiff brought an action against the defendant, Monte Couch, to recover on an oral contract for the sale of goods. Defendant answered that he neither ordered nor took delivery of the goods in question, and that plaintiffs claim was barred by the Statute of Frauds. At trial, there was conflicting evidence. The trial court ruled for the plaintiff and a report came before the Appellate Division. We dismiss the report as frivolous and tax the defendant double costs.
The trial court found that on or about April 28,1982, Diamond-Union Stamp Works, Inc. (Diamond-Union) agreed to sell and the defendant, Monte Couch, agreed to buy, 16,990 mounts for the sum of $9,038.60. At defendant’s direction, and for defendant’s benefit and possession, said mounts were segregated on the premises of Diamond-Union.
Subsequently, Diamond-Union changed its name to 161 High Street Corporation. Defendant, then, pursuant to the agreement, took possession of the segregated mounts and removed them from the premises of the 161 High Street Corporation. The trial court found that the defendant remains indebted to the 161 High Street Corporation for the agreed upon selling price of $9,038.60, an indebtedness lawfully assigned to the plaintiff.
Defendant argues that the Statute of Frauds bars recovery because there is no signed writing indicating an agreement and the amount in question exceeds $500. G.L. c. 106, § 2-201. He also claims no exceptions apply. We reject these claims.
The trial court, on the evidence before it, found an agreement, a delivery, and an acceptance. It is not the function of the Appellate Division to rehear the facts but to review rulings of law. Furthermore, the facts found by the trial court “shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of witnesses.” Dist./Mun. Cts. R. Civ. P., Rule 52 (a). The findings of fact of a trial justice will not be disturbed by an Appellate Division when the findings are supported by any reasonable view of the evidence, with all rational inferences of which it is susceptible, even if that evidence is contradicted. T.L. Edwards, Inc. v. Fields, et al., 57 Mass. App. Dec. 22, 25 (1975), aff'd. 371 Mass. 895, 896 (1976); Moss v. Old Colony Trust Co., 246 Mass. 139, 143 (1923); Kahn v. House, 49 Mass. App. Dec. 54, 58, 59 (1975).
*83 Plaintiff produced evidence supporting the trial court’s findings. Those findings shall not be disturbed.
Oral contracts for sale with a value in excess of $500 may be enforced if the buyer receives and accepts the goods. This is an exception to the writing requirement of the Statute of Frauds. G.L. c. 106, § 2-201 (3) (c ); Black Beauty Coal Co. v. Cohen, 267 Mass. 98, 101 (1929); Revere Sink Corp. v. Fabco Metal Products, Inc., 57 Mass. App. Dec. 141, 149 (1976).
The trial court determined defendant received and accepted the goods. It is clear that defendant has failed to present any question of law for our review. In effect, he sought to retry the case. Accordingly, we find the appeal frivolous and impose double costs on the defendant. G.L. c. 231, § 108; Dist./Mun. Cts. R. Civ. P., Rule 64 (i).
Report dismissed.
Defendant is taxed double costs.